Case 1:25-cv-12006-RGS    Document 5    Filed 07/16/25    Page 1 of 8

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF WASHINGTON, et al., | |
| Plaintiffs, | |
| v. | No. 1:25-cv-12006 |
| FEDERAL EMERGENCY MANAGEMENT AGENCY, et al., | |
| Defendants. | |

## PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 7.1, Plaintiffs Washington, Massachusetts, California, Colorado, Connecticut, Delaware, Illinois, Maine, Maryland, Michigan, Minnesota, New Jersey, New York, North Carolina, Oregon, Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania, Rhode Island, Vermont, and Wisconsin[1] respectfully move for a preliminary injunction enjoining Defendants from spending funds appropriated or set aside for FEMA's Building Resilient Infrastructure and Communities (BRIC) or Pre-Disaster Mitigation (PDM) programs for non-BRIC or non-PDM purposes during the pendency of the litigation.

Defendants have purported to terminate BRIC, which is FEMA's flagship pre-disaster mitigation grant program. FEMA's termination of the BRIC program has had devastating impacts on communities across the country, threatening to delay, scale back, or shut down mitigation projects in which communities have invested millions of dollars for planning, permitting, and environmental review. These projects save lives, property, and money by proactively fortifying our

---

[1] Arizona is also a plaintiff in this action but is not a party to this motion.

communities against disasters *before* they strike. Over the past four years, FEMA has selected nearly 2,000 projects to receive roughly $4.5 billion in BRIC funding. But earlier this year, FEMA announced it would end the BRIC program. FEMA has unlawfully moved roughly $4.1 billion from the National Public Infrastructure Predisaster Mitigation Fund, which funds BRIC grants, into a different fund, and it is projected to spend down these diverted funds in August 2025.

As described in the Plaintiffs' accompanying memorandum of law, Plaintiffs satisfy the requirements for a preliminary injunction. First, Plaintiffs are likely to succeed on the merits of their claims because Defendants' termination of the BRIC program is unlawful. The termination violates Congress's statutory mandate that FEMA cannot substantially reduce its mitigation functions—a mandate that Congress put into place after reductions in FEMA's preparedness function contributed to the devastation following Hurricane Katrina. The termination also violates Congress's statutory directives governing FEMA's use of BRIC funds, including strict statutory limitations on when and how FEMA can use BRIC funds. Further, Cameron Hamilton, the official who ordered and implemented the shutdown, was not lawfully appointed to act as FEMA Administrator and therefore lacked authority to shut down the BRIC program.

Second, Plaintiffs will suffer immediate and irreparable harm if Defendants are allowed to spend BRIC funds for non-BRIC purposes. There is a serious likelihood that Plaintiffs will be left without a remedy if Defendants spend the funds before the Court makes a final determination on the merits. Plaintiffs will be unable to carry out the projects that depend on the funds—losing the time, effort, and millions of dollars they have already invested in these projects, as well as the trust and goodwill they have built with stakeholders and industry partners. Plaintiffs will also lose out on the economic benefits from the projects, face more damage from natural disasters, and pay much more in post-disaster costs.

Third, the balance of equities and the public interest weigh in favor of injunctive relief. Plaintiffs and the public face the imminent and likely permanent loss of projects that will protect lives, property, and public funds in the event of a natural disaster. In contrast, the only impact on Defendants is that they must follow the law and maintain the status quo by not spending these funds for non-BRIC purposes during the pendency of the litigation.

At this time, Plaintiffs request only a narrow injunction barring Defendants from spending these funds on other programs. Plaintiffs do not request at this time that the Court order Defendants to immediately pay out the funds to Plaintiffs. Plaintiffs thus further request that the Court exercise its discretion to waive the requirement to post a bond under Rule 65(c). *See*, *e.g.*, *Int'l Assoc. of Machinists and Aerospace Workers v. E. Airlines*, 925 F.2d 6, 9 (1st Cir. 1991) (finding "ample authority for the proposition that the provisions of Rule 65(c) are not mandatory and that a district court retains substantial discretion to dictate the terms of an injunction bond"); *see also da Silva Medeiros v. Martin*, 458 F. Supp. 3d 122, 130 (D.R.I. 2020) (district court waived the bond requirement where it would pose a hardship on petitioners, and unduly restrict the federal rights at issue); *Pineda v. Skinner Services*, *Inc*., 22 F.4th 47, 57 (1st Cir. 2021) (district court did not abuse its discretion when it did not require a bond; bond requirement is not jurisdictional, and defendant failed to show how it was harmed without bond).

As further grounds in support of their request, Plaintiffs rely on the accompanying memorandum of law, declarations, and evidence filed in support of this motion.

Wherefore, Plaintiffs respectfully request that the Court immediately enter a preliminary injunction order in the form set forth in the proposed order attached to this motion as **Exhibit A**.

DATED this 16th day of July, 2025.

| | |
|---|---|
| **ANDREA JOY CAMPBELL**<br>Attorney General<br>Commonwealth of Massachusetts | **NICHOLAS W. BROWN**<br>Attorney General<br>State of Washington |
| */s/ Hannah C. Vail*<br>HANNAH C. VAIL, BBO No. 698577<br>JAK KUNDL, BBO No. 713951<br>Assistant Attorneys General<br>AMY LAURA CAHN, BBO No. 716706*<br>Special Assistant Attorney General<br>Massachusetts Office of the Attorney General<br>One Ashburton Place<br>Boston, MA 02108<br>617-963-2512<br>hannah.vail@mass.gov<br>jak.kundl@mass.gov<br>amy.laura.cahn@mass.gov<br>*Attorneys for Plaintiff Commonwealth of Massachusetts* | */s/ Tyler Roberts*<br>TYLER ROBERTS*<br>JENNIFER K. CHUNG*<br>NIYA TAWACHI*<br>ANDREW R.W. HUGHES*<br>Assistant Attorneys General<br>CRISTINA SEPE*<br>Deputy Solicitor General<br>Washington Office of the Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104-3188<br>206-464-7744<br>tyler.roberts@atg.wa.gov<br>jennifer.chung@atg.wa.gov<br>niya.tawachi@atg.wa.gov<br>andrew.hughes@atg.wa.gov<br>cristina.sepe@atg.wa.gov<br>*Attorneys for Plaintiff State of Washington* |
| **ROB BONTA**<br>Attorney General<br>State of California | **PHILIP J. WEISER**<br>Attorney General<br>State of Colorado |
| */s/ David Green*<br>R. MATTHEW WISE*<br>Supervising Deputy Attorney General<br>DAVID GREEN*<br>CHRISTOPHER KISSEL*<br>HARALD H. KIRN*<br>Deputy Attorneys General<br>California Office of the Attorney General<br>1300 I Street<br>Sacramento, CA 95814<br>916-445-9555<br>matthew.wise@doj.ca.gov<br>david.green@doj.ca.gov<br>christopher.kissel@doj.ca.gov<br>harold.kirn@doj.ca.gov<br>*Attorneys for Plaintiff State of California* | */s/ Finnuala Tessier*<br>FINNUALA TESSIER*<br>SAMUEL WOLTER*<br>Assistant Attorneys General<br>Colorado Department of Law<br>1300 Broadway, 10th Floor<br>Denver, CO 80203<br>720-508-6000<br>finnuala.tessier@coag.gov<br>samuel.wolter@coag.gov<br>*Attorneys for Plaintiff State of Colorado* |

**WILLIAM TONG**
Attorney General
State of Connecticut

*/s/ Ashley Meskill*
ASHLEY MESKILL*
Assistant Attorney General
Connecticut Office of the Attorney General
165 Capitol Ave
Hartford, CT 06106
860-808-5270
ashley.meskill@ct.gov
*Attorney for Plaintiff State of Connecticut*

**KWAME RAOUL**
Attorney General
State of Illinois

*/s/ Aleeza M. Strubel*
ALEEZA M. STRUBEL*
Complex Litigation Counsel
SARAH J. GALLO*
Assistant Attorney General
Illinois Office of the Attorney General
115 S. LaSalle Street
Chicago, IL 60604
773-914-3046
aleeza.strubel@ilag.gov
sarah.gallo@ilag.gov
*Attorneys for Plaintiff State of Illinois*

**ANTHONY G. BROWN**
Attorney General
State of Maryland

*/s/ Robert N. Brewer*
ROBERT N. BREWER*
Assistant Attorney General
Maryland Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
410-576-6924
rbrewer@oag.state.md.us
*Attorneys for Plaintiff State of Maryland*

**KATHLEEN JENNINGS**
Attorney General
State of Delaware

*/s/ Vanessa L. Kassab*
IAN R. LISTON*
Director of Impact Litigation
VANESSA L. KASSAB*
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
302-683-8899
vanessa.kassab@delaware.gov
*Attorneys for Plaintiff State of Delaware*

**AARON M. FREY**
Attorney General
State of Maine

*/s/ Reid Hayton-Hull*
REID HAYTON-HULL*
Assistant Attorney General
Maine Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
207-626-8800
reid.hayton-hull@maine.gov
*Attorney for the State of Maine*

**DANA NESSEL**
Attorney General
State of Michigan

*/s/ Neil Giovanatti*
NEIL GIOVANATTI*
ADAM DE BEAR*
Assistant Attorneys General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
517-335-7603
giovanattin@michigan.gov

deaeara@michigan.gov
*Attorneys for Plaintiff State of Michigan*

**KEITH ELLISON**
Attorney General
State of Minnesota

*/s/ Cat Rios-Keating*
CAT RIOS-KEATING*
Special Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota St., Suite 600
St. Paul, MN 55101
651-300-7302
catherine.rios-keating@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota*

**LETITIA JAMES**
Attorney General
State of New York

*/s/ Colleen K. Faherty*
COLLEEN K. FAHERTY*
Special Trial Counsel
New York Office of the Attorney General
28 Liberty Street
New York, NY 10005
212-416-6046
Colleen.Faherty@ag.ny.gov
*Attorney for Plaintiff State of New York*

**DAN RAYFIELD**
Attorney General
State of Oregon

*/s/ Scott P. Kennedy*
SCOTT P. KENNEDY*
BRIAN S. MARSHALL*
Senior Assistants Attorney General
Oregon Office of the Attorney General
1162 Court Street NE
Salem, OR 97301
971-453-9050

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Phoenix N. Meyers*
PHOENIX N. MEYERS*
Deputy Attorney General
New Jersey Office of the Attorney General
25 Market Street
Trenton, NJ 08625
609-696-5289
phoenix.meyers@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

**JEFF JACKSON**
Attorney General

LAURA HOWARD
Chief Deputy Attorney General
State of North Carolina

*/s/ Daniel T. Wilkes*
DANIEL T. WILKES*
Assistant Deputy Attorney General
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
919-716-6415
dwilkes@ncodoj.gov
*Attorney for Plaintiff State of North Carolina*

**JOSH SHAPIRO**
in his official capacity as Governor of the
Commonwealth of Pennsylvania

JENNIFER SELBER
General Counsel

*/s/ Jacob B. Boyer*
JACOB B. BOYER*
Deputy General Counsel
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200

scott.kennedy@doj.oregon.gov
brian.s.marshall@doj.oregon.gov
*Attorneys for Plaintiff State of Oregon*

**PETER F. NERONHA**
Attorney General
State of Rhode Island

*/s/ Randelle L. Boots*
RANDELLE L. BOOTS*
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
401-274-4400
rboots@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

**JOSHUA L. KAUL**
Attorney General
State of Wisconsin

*/s/ Lynn K. Lodahl*
LYNN K. LODAHL*
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-264-6219
lynn.lodahl@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

Harrisburg, PA 17101
717-460-6786
jacobboyer@pa.gov
*Counsel for Governor Josh Shapiro*

**CHARITY R. CLARK**
Attorney General
State of Vermont

*/s/ Ryan P. Kane*
RYAN P. KANE*
Deputy Solicitor General
Vermont Office of the Attorney General
109 State Street
Montpelier, VT 05609
802-828-2153
ryan.kane@vermont.gov
*Attorney for Plaintiff State of Vermont*

*pro hac vice application forthcoming

## CERTIFICATE OF SERVICE

I certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF). I further certify that on July 16, 2025 I provided a copy of the foregoing document to the following attorneys at the U.S. Department of Justice by email:

Brad Rosenberg
Special Counsel
Federal Programs Branch
U.S. Department of Justice
brad.rosenberg@usdoj.gov

Abraham George
Chief, Civil Division
District of Massachusetts
abraham.george@usdoj.gov

Rayford Farquhar
Chief, Defensive Litigation, Civil Division
U.S. Attorney's Office for the District of Massachusetts
rayford.farquhar@usdoj.gov

*/s/ Hannah C. Vail*
Hannah C. Vail

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I certify that I sent an email on July 14, 2025 regarding the foregoing motion to the attorneys at the U.S. Department of Justice listed above in an attempt to meet and confer regarding the foregoing motion. Plaintiffs have not yet received a response from Defendants' counsel, but are proceeding with this filing given the need for prompt relief, as set forth in the memorandum of law in support of Plaintiffs' motion for a preliminary injunction.

*/s/ Hannah C. Vail*
Hannah C. Vail