UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STATE OF WASHINGTON, *et al.*,

        Plaintiffs,

v.

FEDERAL EMERGENCY MANAGEMENT AGENCY, *et al.*,

        Defendants.

Case No. 1:25-cv-12006-RGS

### DECLARATION OF DAVID RICHARDSON

I, David Richardson, declare as follows:

1. I am the Senior Official Performing the Duties of the Administrator at the Federal Emergency Management Agency ("FEMA" or "agency"). FEMA is a component within the U.S. Department of Homeland Security ("DHS"). As the Senior Official Performing the Duties of the FEMA Administrator, I am the DHS official responsible for being the principal advisor to the President and Secretary of Homeland Security ("Secretary") for all matters related to emergency management in the United States. I am also vested with the authority to manage and administer the various grant programs assigned to FEMA directly by statute or designation from the Secretary. In these capacities, I am familiar with the grant programs administered by FEMA and the policies and procedures governing these programs.

2. My statements in this Declaration are based on my personal knowledge, on information provided to me in my official capacity, on reasonable inquiry, information obtained from various records, systems, databases, DHS or FEMA employees, and information portals maintained and relied upon by DHS in the regular course of business, and on my evaluation of that information.

3. It is my understanding that on July 16, 2025, Plaintiffs filed a Motion for a Preliminary Injunction ("Motion") seeking to enjoin FEMA from spending funds appropriated or set aside for the Building Resilient Infrastructure and Communities ("BRIC") program or Congressionally Directed Spending ("CDS") Pre-Disaster Mitigation ("PDM") grant programs for non-BRIC or non-PDM purposes during the pendency of the litigation. FEMA administers grants that fall under three general categories: Preparedness, Mitigation, and Disaster. Mitigation grants fund projects that strengthen infrastructure, implement hazard-resistant building codes, and promote community resilience through various initiatives aimed at minimizing future disaster impacts. This includes the BRIC grant program.

### Building Resilient Infrastructure and Communities ("BRIC")

4. The purpose of the BRIC program is to provide technical and financial assistance to States and local governments for cost-effective pre-disaster hazard mitigation measures that reduce injuries, loss of life, and damage and destruction of property. This technical and financial assistance is made available through notices of funding opportunities and direct technical assistance. *See* Section 203 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, as amended ("Stafford Act"), 42 U.S.C. § 5133.

5. Under the CDS PDM grant program, Congress makes federal funds available to applicable states, U.S territories, federally recognized tribal governments, and local communities to plan for and implement sustainable cost-effective measures designed to reduce the risk to individuals and property from future natural hazards. Although CDS PDM uses the same statutory authority as BRIC, Section 203 of the Stafford Act, it differs from BRIC in that only states, territories, or federally recognized tribal governments with projects identified by Congress in the appropriate year's Appropriations Act are eligible to apply for CDS PDM assistance. These projects have been fully obligated, and recipients continue to work

to meet any required environmental and historic preservation reviews and to complete and close out projects. In addition, recipients continue to draw down funds for reimbursements for expenditures for these projects and the CDS PDM program was not addressed in the April 2, 2025, Memorandum discussed in Paragraph 7 of this Declaration. Moreover, Congress did not appropriate any funds for CDS PDM for Fiscal Year 2025.

6. BRIC is currently funded by the following sources: funding set aside from the Disaster Relief Fund ("DRF") and appropriated funding through the Infrastructure Investment and Jobs Act ("IIJA"). To be used for BRIC financial and technical assistance, Section 203(i) of the Stafford Act, 42 U.S.C. § 1533(i), provides the President the discretion to set-aside an amount equal to 6% of the estimated aggregate amount of the grants to be made pursuant to sections 403, 406, 407, 408, 410, 416, and 428 for a major disaster within the DRF. In 2021, Congress appropriated BRIC through IIJA an additional one billion dollars to be disbursed between fiscal years 2022 to 2026, with $200 million being made available per fiscal year. To date, FEMA has received $800 million of IIJA funds and the last $200 million are expected in Fiscal Year 2026. BRIC recipients continue to draw down funds for reimbursements for expenditures for approved projects. FEMA has not notified any BRIC recipient that its grant has been terminated pursuant to the Memorandum described in Paragraph 7 below.

7. On April 2, 2025, my predecessor, Mr. Cameron Hamilton, in his role as the Senior Official Performing the Duties of FEMA Administrator, signed a memo, "Future of the Building Resilient Infrastructure and Communities (BRIC) Program" ("April 2, 2025 Memo"), which Plaintiffs attached to their Motion papers as Exhibit 6. The April 2, 2025 Memo addressed how FEMA planned to evaluate all existing grants and their priorities, scope, and implementation timelines to ensure consistency with DHS and the Administration's direction and guidance. The April 2, 2025 Memo laid

out the proposed next steps for the future of the BRIC program, including proposing the cancelation of the 2024 Fiscal Year Notice of Funding Opportunity (NOFO), cancelation of projects selected for further review and not yet awarded, evaluation of obligated projects that have not yet been completed, and requiring that any additional period of performance extensions on any BRIC projects be subject to the Senior Official Performing the Duties of the FEMA Administrator's approval.

8. FEMA has not ended the BRIC program, contrary to publicity otherwise. On March 21, 2025, Troy Edgar, the DHS Deputy Secretary, issued a memorandum requiring approval by the Deputy Secretary's Office, which applied to "all awards (over $25M) and terminations, in full or in part, regardless of dollar amount, before they are executed." Subsequently, Secretary Noem issued memoranda on May 15, 2025, and June 11, 2025, reiterating the requirement that she or the Deputy Secretary approve all grant terminations.

9. FEMA and DHS continue to evaluate whether to end the BRIC program or revise it in a manner to achieve its original purpose. When the Administration took office, it discovered that the BRIC program had not been implemented by the prior Administration in a way that best protects American citizens against natural disasters as it was intended and had been politicized instead.

10. My predecessor, Mr. Cameron Hamilton, was appointed as the Assistant Administrator for the Office of Response and Recovery in January 2025 and was serving as the Senior Official Performing the Duties of the Administrator until his departure in May 2025, pursuant to the order of succession for the FEMA Administrator at that time. *See* Exhibit 1. Despite FEMA's public announcements, when Mr. Hamilton left his role as Assistant Administrator for the Office of Response and Recovery, FEMA/DHS had not ended BRIC. Pursuant to DHS policy consistent with the memos above, any decision to end BRIC and terminate grant

awards will need to be approved by the Secretary of Homeland Security or the Deputy Secretary.

11. I have read the allegations on page 10 of Plaintiffs' Memorandum in Support of Motion for Preliminary Injunction, that purport to outline the steps taken by FEMA to allegedly end the BRIC program. As explained above, the Secretary of Homeland Security has not made a final decision to end the BRIC program. I will address each of the allegations as follows:

   A. "[T]he Fiscal Year 2024 BRIC funding opportunity is canceled, no applications submitted will be reviewed and no funds will be awarded."

      - The Fiscal Year 2024 BRIC funding opportunity was removed from Grants.gov and the FEMA website; however, the funding is still available for future BRIC funding opportunities and there is nothing prohibiting FEMA from issuing another NOFO.

   B. "Fully obligated projects that have not started construction will not be approved and will end."

      - FEMA has not issued any notices terminating any projects as a result of the April 2, 2025 Memo, FEMA has not terminated any BRIC grants pursuant to that memo, and FEMA continues to pay all partially and fully obligated grants. If FEMA determines to terminate any projects, FEMA will follow the proper termination and close out procedures established by 2 C.F.R. Part 200 and the terms and conditions of the award. The Regulations at 2 C.F.R. Part 200 establish the uniform administrative rules, cost principles, audit requirements for federal grants. Among other things, the Regulations establish the requirements for the termination of federal assistance, which include providing notification of the termination to the recipient and the opportunity for the recipient to object to the termination. 2 C.F.R. §§ 200.341 and

5

200.342. If FEMA were to terminate any award, it would provide the recipient with the required notice and opportunity to object. FEMA would also provide the recipient of any terminated award with the grant closeout procedures required by the regulation after the termination became final.

C. "FEMA will not be extending project deadlines without the Senior Official Performing the Duties of the FEMA Administrator's approval."

- After Mr. Hamilton issued the April 2, 2025 Memo, multiple recipients have submitted requests to extend BRIC project periods of performance. Under the terms of the award agreement, period of performance extensions are not guaranteed and FEMA has discretion to grant or deny the requests. However, as of today, FEMA has not denied any such requests. FEMA is currently establishing a process to evaluate these extension requests and to submit them for my review as the Senior Official Performing the Duties of the FEMA Administrator.

D. "For previous funding cycles, FEMA will cancel all of the BRIC projects selected but not obligated across fiscal years 2020-2023."

- For projects selected for further review from previous fiscal years, FEMA has not sent applicants cancelation notices and FEMA continues to follow its pre-review award processes.

E. "Management costs will only continue for partially or fully obligated projects."

- FEMA has not conducted a review of subawards to determine which subawards will continue. FEMA has also not reviewed the status of management costs to determine which management cost subapplications will be awarded or which subawards would be deobligated.

12. FEMA has not transferred or reprogrammed any BRIC funding for other purposes. The IIJA funds appropriated to DHS/FEMA for the BRIC program are only available for that program and cannot be used for other purposes. DHS/FEMA have not sought a recission of any IIJA funds by Congress, nor has FEMA spent, diverted, and/or used any of the funds for other programs or projects. Additionally, the funds that FEMA set-aside from the DRF for BRIC remain in the DRF.

13. Subject to the Secretary's oversight, direction, and guidance, Secretary Noem, through the authority vested in her by the Homeland Security Act of 2002, as amended, delegated to me, David Richardson, the Assistant Secretary for Countering Weapons of Mass Destruction, the authority to perform the functions and duties of the FEMA Administrator that are not restricted from delegation by law, regulation, Executive Order, or DHS policy. *See* Exhibit 2. In this role, I continue to support the evaluation of the BRIC program, and any final agency decisions on the future program will be approved by the Secretary or the Deputy Secretary of DHS pursuant to DHS policy as set forth in the Memos described in Paragraph 8 above.

Executed on July 25, 2025

David Richardson
Senior Official Performing the Duties of the Administrator
Federal Emergency Management Agency