UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF WASHINGTON et al.<br><br>                        Plaintiffs,<br><br>    v.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY; DAVID RICHARDSON, in his official capacity as the Duties of the Administrator of the Federal Emergency Management Agency; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as the Secretary of the Department of Homeland Security; and the UNITED STATES OF AMERICA,<br><br>                        Defendants. | Civil Action No. 1:25-cv-12006-RGS |

## JOINT SUBMISSION REGARDING BRIEFING SCHEDULES

Pursuant to this Court's Order (Doc. 80) dated August 6, 2025, the Parties have conferred regarding a briefing schedule for any motion to dismiss to be filed by Defendants under Fed. R. Civ. P. 12(b) and also discussed other case scheduling matters, including production of the administrative record ("AR") and Plaintiffs' anticipated motion for summary judgment. The Parties have been unable to reach an agreement, however, and the Parties' respective positions are set forth below for the Court's consideration.

Plaintiffs' Proposed Schedule:

Plaintiffs believe that Defendants should produce the administrative record by September 8, and then, after any disputes are resolved,[1] this case should move promptly to summary judgment, with a hearing on the motion between November 19 and 21. Plaintiffs do not object to Defendants also moving to dismiss, but Plaintiffs *do* object to Defendants' attempt to use any motion to dismiss as a basis to withhold evidence and prevent Plaintiffs from moving for summary judgment.

Defendants' unlawful termination of the BRIC program is causing ongoing irreparable harm to communities around the country, and Plaintiffs need the program to be restored promptly. Defendants have largely stopped operating the program and are not advancing projects through the process as they had before the termination. *See, e.g.*, ECF 66-1 ¶¶ 5-10, 13 ("FEMA's actions— or *in*actions in this circumstance—since April 2025 have completed halted BRIC grant implementation processes in our region and effectively ended the program for Washington."); ECF 9-44 ¶¶ 8-9 (projects FEMA stated were "on track . . . to be obligated by the summer of 2025" are at risk); ECF 72-1 ¶ 4 Ex. A (FEMA informing MA that "effective immediately" FEMA would "[c]ancel" most projects and support States "throughout the wind-down process").

"When an . . . infrastructure project predicated on [federal] funding loses that funding— even, as Defendants insist, temporarily—that program runs the risk of dying on the vine." *Washington v. U.S. Dep't of Transp.*, --F. Supp.3d--, 2025 WL 1742893, at *28 (W.D. Wash. June 24, 2025). That is because infrastructure projects require time-sensitive coordination among numerous stakeholders through permits, cost estimates, and subcontracts. *See, e.g.*, ECF 9-31 ¶ 22 (BRIC projects depend on overlapping "timeframes of various agreements and contracts, permits and temporary easements, equipment and material lead-times, fish windows (for in-water work),"

---

[1] If Defendants maintain their position that their own documents and public statements are not accurate, Plaintiffs reserve the right to seek discovery that extends beyond the administrative record. Plaintiffs are hopeful the parties can resolve these issues without troubling the Court.

among other things, so "[w]hen FEMA suddenly withholds a community's BRIC grant, their project is not just delayed, it is existentially threatened; the longer they must wait for resolution, the less likely they will be able to re-align all the components needed to complete the work"); ECF 9-32 ¶ 22 ("Many of the permits for the BRIC projects in the Commonwealth also have upcoming expiration dates . . . . Subgrantees also face an exponential rise in materials and construction costs the longer funds are delayed."). So Defendants' refusal to operate the program as intended is causing ongoing irreparable harm. *See Massachusetts v. Trump*, --F. Supp.3d--, 2025 WL 1836592, at *1, *7-8 (D. Mass. July 3, 2025) (holding that "allegedly unlawful pause of all federal agency approvals needed for offshore and onshore wind energy projects" harmed Plaintiffs); *Woonasquatucket River Watershed Council v. U.S. Dep't of Agric.*, 778 F. Supp. 3d 440, 474-75 (D.R.I. 2025) (holding that harm from "work stoppages arising from indefinite funding pauses" and "curtailing or ending current projects" is irreparable).

To address Plaintiffs' need for prompt restoration of the BRIC program while minimizing burdens on the Court and the parties, Plaintiffs sought a narrow preliminary injunction staving off the most immediate harm, and then planned to proceed straight to summary judgment, which is how most cases against federal agencies are resolved. *See* n.2 *infra.* Indeed, the Government routinely agrees to proceed this way, especially after a Court has already rejected its principal legal arguments at the preliminary injunction stage, as it is the most efficient way to resolve these cases, and it spares the Court from multiple motions addressing the same issues. *See id.*

Here, however, Defendants have insisted on moving to dismiss. That is their prerogative, and Plaintiffs do not object to them doing so, while reserving the right under Rule 15 to amend the complaint. But Plaintiffs *do* object to Defendants' attempt to use any motion to dismiss to prevent Plaintiffs from obtaining evidence and moving for summary judgment. A motion to dismiss does not automatically stay discovery, and *this* motion to dismiss, in particular, does not justify a discovery stay, as the Court has already rejected Defendants' jurisdictional objections, and their central defense that there has been no final agency action depends on factual assertions outside the

3

complaint that cannot be considered on a motion to dismiss. *See* ECF 79. Given that Defendants are unlikely to prevail on their motion, it provides no basis for freezing this case. *See, e.g.*, *In re Lotus Dev. Corp. Sec. Litig.*, 875 F. Supp. 48, 51-53 (D. Mass. 1995) (holding that the "burden of proof imposed on the party seeking a stay is a stiff one" and denying motion to stay discovery pending motion to dismiss because the complaint was not "clearly deficient"); *Drewniak v. U.S. Customs & Border Protection*, 563 F.Supp.3d 1, 3 (D. N.H. 2021) (denying motion to stay when plaintiff would be prejudiced and defendant did not establish "a clear case of hardship or inequity in being required to go forward").

Plaintiffs respectfully request that the Court enter the following schedule:

| Event | Date |
| --- | --- |
| Defendants Produce Administrative Record[2] | Monday, September 8 |
| Defendants Move to Dismiss | Monday, September 15 |
| Plaintiffs Respond to Motion to Dismiss | Monday, September 29 |
| Plaintiffs Move for Summary Judgment | Wednesday, October 15 |
| Defendants Respond to Summary Judgment | Friday, October 31 |

---

[2] Three weeks is sufficient for Defendants to produce the administrative record, especially since they already started compiling documents that they attached to their opposition to the preliminary injunction motion. *See, e.g.*, *Ass'n of Am. Univ. v. Dep't of Def.*, 1:25-cv-11740 (D. Mass. July 9, 2025), ECF 66 at 6-7 (Government agreeing to proceed to summary judgment and to produce AR in **9 days**); *Rhode Island v. Trump*, 1:25-cv-00128 (D. R.I. July 15, 2025), ECF 72 (Government agreeing to proceed to summary judgment and to produce AR in **16 days**); *New York v. Trump*, 1:25-cv-11221 (D. Mass June 18, 2025), ECF 157 (treating opposition to PI motion as motion to dismiss and ordering AR produced in **14 days**); *Am. Ass'n of Univ. Professors v. Rubio*, 1:25-cv-10685 (D. Mass. May 22, 2025), ECF 98 (ordering production of AR in **5 days**); *Massachusetts v. Kennedy*, 1:25-cv-10814 (D. Mass May 13, 2025), ECF 109 (ordering production of AR in **20 days**); *R.I. Latino Arts v. Nat'l Endowment for the Arts*, 1:25-cv-00079 (D. R.I. May 5, 2025) (electronic order) (ordering production of AR in **22 days**); *President and Fellows of Harvard Coll. v. U.S. Dep't of Health and Hum. Servs.*, 1:25-cv-11048 (D. Mass April 28, 2025), ECF 42 (Government agreeing to proceed to summary judgment and to produce AR in **21 days**).

| Plaintiffs Reply ISO Summary Judgment | Wednesday, November 12 |
|---|---|
| Hearing on Motion to Dismiss and Motion for Summary Judgment | Between Wednesday, November 19 and Friday, November 21 |

Defendants' Proposed Schedule:

Defendants intend to move to dismiss under Fed. R. Civ. P. 12(b) and agree to produce the administrative record within a reasonable time frame, *i.e.*, within 30 days of the Court's resolution of the motion to dismiss. Defendants are not using a motion to dismiss as a basis to withhold evidence, as Plaintiffs suggest, but rather as a standard use of the rules of civil procedure to raise threshold legal arguments prior to litigating the underlying merits based on the administrative record. This is particularly true where, as here, Defendants intend to raise 12(b)(1) jurisdictional defenses and 12(b)(6) defenses based on Plaintiffs' failure to establish that final agency action has occurred, and failure to state a claim for constitutional and *ultra vires* claims. Requiring Defendants to produce the administrative record before they have responded to the Complaint, as Plaintiffs now request, would be premature.[3] The Supreme Court has repeatedly "cautioned against . . . treating preliminary injunctions as 'tantamount to decisions on the underlying merits,'" *Lackey v. Stinnie*, 145 S. Ct. 659, 667 (2025), yet Plaintiffs seek to use this Court's preliminary order as conclusive on Defendants' threshold defenses, such that they can essentially skip the pleading stage of this case. That should not be permitted.

---

[3] The Federal Rules of Civil Procedure are silent on when an administrative record must be produced, as are the Local Rules for the District of Massachusetts. That said, courts in this District generally ask the parties to confer on a schedule for production of the record *after* the government has answered the complaint.

Moreover, this Court has already issued an order preliminarily enjoining Defendants from spending the funds allocated to BRIC for non-BRIC purposes until the Court is able to render a final judgment on the merits (Doc. 79), thereby undercutting Plaintiffs' argument that an expedited briefing schedule or production of the administrative record is warranted here.

Defendants respectfully request that the Court adopt the following schedule:

| Event | Date |
| --- | --- |
| Defendants Move to Dismiss | Monday, September 15 |
| Plaintiffs Respond to Motion to Dismiss | Monday, September 29 |
| Defendants Produce Administrative Record | Within 30 days of resolution of Motion to Dismiss |

Respectfully submitted:

Defendants,

LEAH B. FOLEY
U.S. ATTORNEY


By: /s/ *Nicole M. O'Connor*
Nicole M. O'Connor
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3112
Email: Nicole.O'Connor@usdoj.gov


Plaintiffs,

| | |
|---|---|
| **ANDREA JOY CAMPBELL** | **NICHOLAS W. BROWN** |
| Attorney General | Attorney General |
| Commonwealth of Massachusetts | State of Washington |
| | |
| */s/ Hannah C. Vail* | */s/ Tyler Roberts* |
| Hannah C. Vail, BBO No. 698577 | TYLER ROBERTS* |
| Jak Kundl, BBO No. 713951 | JENNIFER K. CHUNG* |
| Assistant Attorneys General | NIYA TAWACHI* |
| Amy Laura Cahn, BBO No. 716706* | ANDREW R.W. HUGHES* |
| Special Assistant Attorney General | Assistant Attorneys General |
| Massachusetts Office of the Attorney General | CRISTINA SEPE* |
| One Ashburton Place | Deputy Solicitor General |
| Boston, MA 02108 | Washington Office of the Attorney General |
| 617-963-2512 | 800 Fifth Avenue, Suite 2000 |
| hannah.vail@mass.gov | Seattle, WA 98104-3188 |
| jak.kundl@mass.gov | 206-464-7744 |
| amy.laura.cahn@mass.gov | tyler.roberts@atg.wa.gov |
| | jennifer.chung@atg.wa.gov |
| *Attorneys for Plaintiff Commonwealth of Massachusetts* | niya.tawachi@atg.wa.gov |
| | andrew.hughes@atg.wa.gov |
| | cristina.sepe@atg.wa.gov |
| | |
| | *Attorneys for Plaintiff State of Washington* |

7

| | |
|---|---|
| **KRISTIN K. MAYES**<br>Attorney General<br>State of Arizona<br><br>*/s/ Lauren Watford*<br>LAUREN WATFORD*<br>Assistant Attorney General<br>Arizona Attorney General's Office<br>2005 North Central Avenue<br>Phoenix, Arizona 85004<br>602-542-3333<br>Lauren.Watford@azag.gov<br>*Attorneys for the State of Arizona* | **ROB BONTA**<br>Attorney General<br>State of California<br><br>*/s/ David Green*<br>R. MATTHEW WISE**<br>Supervising Deputy Attorney General<br>DAVID GREEN*<br>CHRISTOPHER KISSEL*<br>HARALD H. KIRN*<br>Deputy Attorneys General<br>California Office of the Attorney General<br>1300 I Street<br>Sacramento, CA 95814<br>916-445-9555<br>matthew.wise@doj.ca.gov<br>david.green@doj.ca.gov<br>christopher.kissel@doj.ca.gov<br>harold.kirn@doj.ca.gov<br>*Attorneys for Plaintiff State of California* |
| **PHILIP J. WEISER**<br>Attorney General<br>State of Colorado<br><br>*/s/ Finnuala Tessier*<br>FINNUALA TESSIER*<br>SAMUEL WOLTER*<br>Assistant Attorneys General<br>Colorado Department of Law<br>1300 Broadway, 10th Floor<br>Denver, CO 80203<br>720-508-6000<br>finnuala.tessier@coag.gov<br>samuel.wolter@coag.gov<br>*Attorneys for Plaintiff State of Colorado* | **WILLIAM TONG**<br>Attorney General<br>State of Connecticut<br><br>*/s/ Ashley Meskill*<br>ASHLEY MESKILL*<br>Assistant Attorney General<br>Connecticut Office of the Attorney General<br>165 Capitol Ave<br>Hartford, CT 06106<br>860-808-5270<br>ashley.meskill@ct.gov<br>*Attorneys for Plaintiff State of Connecticut* |
| **KATHLEEN JENNINGS**<br>Attorney General<br>State of Delaware<br><br>*/s/ Vanessa L. Kassab*<br>IAN R. LISTON*<br>Director of Impact Litigation<br>VANESSA L. KASSAB*<br>Deputy Attorney General | **KWAME RAOUL**<br>Attorney General<br>State of Illinois<br><br>*/s/ Aleeza M. Strubel*<br>ALEEZA M. STRUBEL*<br>Complex Litigation Counsel<br>SARAH J. GALLO*<br>Assistant Attorney General |

Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
302-683-8899
vanessa.kassab@delaware.gov
*Attorneys for Plaintiff State of Delaware*


**AARON M. FREY**
Attorney General
State of Maine

*/s/ Reid Hayton-Hull*
REID HAYTON-HULL*
Assistant Attorney General
Maine Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
207-626-8800
reid.hayton-hull@maine.gov
*Attorneys for the State of Maine*

**DANA NESSEL**
Attorney General
State of Michigan

*/s/ Neil Giovanatti*
NEIL GIOVANATTI*
ADAM DE BEAR**
Assistant Attorneys General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
517-335-7603
giovanattin@michigan.gov
deaeara@michigan.gov
*Attorneys for Plaintiff State of Michigan*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Phoenix N. Meyers*
PHOENIX N. MEYERS**
Deputy Attorney General
New Jersey Office of the Attorney General

Illinois Office of the Attorney General
115 S. LaSalle Street
Chicago, IL 60604
773-914-3046
aleeza.strubel@ilag.gov
sarah.gallo@ilag.gov
*Attorneys for Plaintiff State of Illinois*


**ANTHONY G. BROWN**
Attorney General
State of Maryland

*/s/ Robert N. Brewer*
ROBERT N. BREWER**
Assistant Attorney General
Maryland Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
410-576-6924
rbrewer@oag.state.md.us
*Attorneys for Plaintiff State of Maryland*

**KEITH ELLISON**
Attorney General
State of Minnesota

*/s/ Cat Rios-Keating*
CAT RIOS-KEATING*
Special Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota St., Suite 600
St. Paul, MN 55101
651-300-7302
catherine.rios-keating@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*




**LETITIA JAMES**
Attorney General
State of New York

*/s/ Colleen K. Faherty*
COLLEEN K. FAHERTY*
Special Trial Counsel
New York Office of the Attorney General

| | |
|---|---|
| 25 Market Street<br>Trenton, NJ 08625<br>609-696-5289<br>phoenix.meyers@law.njoag.gov<br>*Attorney for Plaintiff State of New Jersey* | 28 Liberty Street<br>New York, NY 10005<br>212-416-6046<br>Colleen.Faherty@ag.ny.gov<br>*Attorney for Plaintiff State of New York* |

**JEFF JACKSON**
Attorney General

LAURA HOWARD
Chief Deputy Attorney General
State of North Carolina

*/s/ Daniel T. Wilkes*
DANIEL T. WILKES*
Assistant Deputy Attorney General
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
919-716-6415
dwilkes@ncdoj.gov
*Attorney for Plaintiff State of North Carolina*

**DAN RAYFIELD**
Attorney General
State of Oregon

*/s/ Scott P. Kennedy*
SCOTT P. KENNEDY*
BRIAN S. MARSHALL**
Senior Assistants Attorney General
Oregon Office of the Attorney General
1162 Court Street NE
Salem, OR 97301
971-453-9050
scott.kennedy@doj.oregon.gov
brian.s.marshall@doj.oregon.gov
*Attorneys for Plaintiff State of Oregon*

**JOSH SHAPIRO**
in his official capacity as Governor of the Commonwealth of Pennsylvania

Jennifer Selber
General Counsel

*/s/ Jacob B. Boyer*
JACOB B. BOYER*
Deputy General Counsel
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
717-460-6786
jacobboyer@pa.gov
*Counsel for Governor Josh Shapiro*

**PETER F. NERONHA**
Attorney General
State of Rhode Island

*/s/ Randelle L. Boots*
Randelle L. Boots**
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
401-274-4400
rboots@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

**CHARITY R. CLARK**
Attorney General
State of Vermont

*/s/ Ryan P. Kane*

**JOSHUA L. KAUL**
Attorney General
State of Wisconsin

*/s/ Lynn K. Lodahl*

10

| | |
|---|---|
| Ryan P. Kane* | LYNN K. LODAHL* |
| Deputy Solicitor General | Assistant Attorney General |
| Vermont Office of the Attorney General | Wisconsin Department of Justice |
| 109 State Street | Post Office Box 7857 |
| Montpelier, VT 05609 | Madison, Wisconsin 53707-7857 |
| 802-828-2153 | 608-264-6219 |
| ryan.kane@vermont.gov | lynn.lodahl@wisdoj.gov |
| *Attorney for Plaintiff State of Vermont* | *Attorney for Plaintiff State of Wisconsin* |

*\*admitted pro hac vice*
*\*\* pro hac vice application forthcoming or pending*

Dated: August 18, 2025

## CERTIFICATE OF SERVICE

I, Nicole M. O'Connor, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: August 18, 2025                By:    /s/ *Nicole M. O'Connor*
                                             Nicole M. O'Connor
                                             Assistant United States Attorney