# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STATE OF WASHINGTON, et al. <br><br>                      Plaintiffs, <br><br>     v. <br><br> FEDERAL EMERGENCY MANAGEMENT AGENCY; DAVID RICHARDSON, in his official capacity as the Duties of the Administrator of the Federal Emergency Management Agency; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as the Secretary of the Department of Homeland Security; and the UNITED STATES OF AMERICA, <br><br>                      Defendants. | Civil Action No. 1:25-cv-12006-RGS |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants, by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit the following answer to Plaintiffs' First Amended Complaint (Doc. 85):[1]

---

[1] Defendants deny all allegations in the Amended Complaint not specifically admitted and to which they have responded that they lack sufficient knowledge and information to admit or deny.

# I.    INTRODUCTION[2]

1.    Paragraph 1 is introductory in nature and, therefore, no response is required.  To the extent Paragraph 1 is deemed to allege facts to which a response is required, Defendants admit that FEMA's pre-disaster mitigation program has operated across five Presidential administrations.  Defendants further admit that one goal of hazard mitigation programs is to fortify communities by supporting projects that are cost-effective and are designed to reduce injuries, loss of life, and damage and destruction of property.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.    Paragraph 2 is introductory in nature and, therefore, no response is required.  To the extent Paragraph 2 is deemed to allege facts to which a response is required, Defendants admit that the Building Resilient Infrastructure and Communities, or BRIC, program is a FEMA pre-disaster hazard mitigation program and that it has been funded by Congress.  Defendants deny that BRIC is "all-purpose".  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2.

3.    Paragraph 3 is introductory in nature and, therefore, no response is required.  To the extent Paragraph 3 is deemed to allege facts to which a response is required, Defendants admit that FEMA selected approximately 2,000 projects to receive approximately $4.6 billion in BRIC funding over the past four years.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

---

[2] Defendants' answer replicates the section headings used in the Amended Complaint for the Court's convenience.  To the extent that any such heading is construed to state any factual allegations, Defendants expressly deny such allegations.

4.      Paragraph 4 is introductory in nature and, therefore, no response is required.  To the extent Paragraph 4 is deemed to allege facts to which a response is required, Defendants deny the allegations contained in Paragraph 4.

5.      Paragraph 5 is introductory in nature and, therefore, no response is required.  To the extent Paragraph 5 is deemed to allege facts to which a response is required, Defendants deny the allegations contained in Paragraph 5.

6.      Paragraph 6 is introductory in nature and, therefore, no response is required.  To the extent Paragraph 6 is deemed to allege facts to which a response is required, Defendants deny the allegations contained in Paragraph 6.

7.      Paragraph 7 is introductory in nature and, therefore, no response is required.  To the extent Paragraph 7 is deemed to allege facts to which a response is required, Defendants deny the allegations contained in Paragraph 7.

8.      Paragraph 8 is introductory in nature and, therefore, no response is required.  To the extent Paragraph 8 is deemed to allege facts to which a response is required, Defendants deny the BRIC program has been shut down.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9.      Paragraph 9 is introductory in nature and, therefore, no response is required.  To the extent Paragraph 9 is deemed to allege facts to which a response is required, Defendants deny the BRIC program has been terminated.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9.

## II.      JURISDICTION AND VENUE

10.      Paragraph 10 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

11.     Paragraph 11 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

### III.     PARTIES

**A.     Plaintiffs.**

12.     Defendants admit that Washington appears to be represented by Attorney General Nicholas W. Brown.  The remaining allegations in Paragraph 12 call for a legal conclusion rather than a factual response and, therefore, no response is required.

13.     Defendants admit that Massachusetts appears to be represented by Attorney General Andrea Joy Campbell.   The remaining allegations in Paragraph 13 call for a legal conclusion rather than a factual response and, therefore, no response is required.

14.     Defendants admit that Arizona appears to be represented by Attorney General Kris Mayes.  The remaining allegations in Paragraph 14 call for a legal conclusion rather than a factual response and, therefore, no response is required.

15.     Defendants admit that California appears to be represented by Attorney General Attorney General Rob Bonta.  The remaining allegations in Paragraph 15 call for a legal conclusion rather than a factual response and, therefore, no response is required.

16.     Defendants admit that Colorado appears to be represented by Attorney General Phil Weiser.  The remaining allegations in Paragraph 16 call for a legal conclusion rather than a factual response and, therefore, no response is required.

17.     Defendants admit that Connecticut appears to be represented by Attorney General William Tong.  The remaining allegations in Paragraph 17 call for a legal conclusion rather than a factual response and, therefore, no response is required.

18.    Defendants admit that Delaware appears to be represented by Attorney General Kathleen Jennings.  The remaining allegations in Paragraph 18 call for a legal conclusion rather than a factual response and, therefore, no response is required.

19.    Defendants admit that the District of Columbia appears to be represented by Attorney General Brian L. Schwalb.  The remaining allegations in Paragraph 19 call for a legal conclusion rather than a factual response and, therefore, no response is required.

20.    Defendants admit that Illinois appears to be represented by Attorney General Kwame Raoul.  The remaining allegations in Paragraph 20 call for a legal conclusion rather than a factual response and, therefore, no response is required.

21.    Defendants admit that Plaintiff Office of the Governor, *ex rel.* Andy Beshear, appears to bring this suit in his official capacity as the Governor of the Commonwealth of Kentucky.  The remaining allegations in Paragraph 21 call for a legal conclusion rather than a factual response and, therefore, no response is required.

22.    Defendants admit that Maine appears to be represented by Attorney General Aaron M. Frey.  The remaining allegations in Paragraph 22 call for a legal conclusion rather than a factual response and, therefore, no response is required.

23.    Defendants admit that Maryland appears to be represented by Attorney General Anthony G. Brown.  The remaining allegations in Paragraph 23 call for a legal conclusion rather than a factual response and, therefore, no response is required.

24.    Defendants admit that Michigan appears to be represented by Attorney General Dana Nessel.  The remaining allegations in Paragraph 24 call for a legal conclusion rather than a factual response and, therefore, no response is required.

25.     Defendants admit that Minnesota appears to be represented by Attorney General Keith Ellison.  The remaining allegations in Paragraph 25 call for a legal conclusion rather than a factual response and, therefore, no response is required.

26.     Defendants admit that New Jersey appears to be represented by Attorney General Matthew Platkin.  The remaining allegations in Paragraph 26 call for a legal conclusion rather than a factual response and, therefore, no response is required.

27.     Defendants admit that New Mexico appears to be represented by Attorney General Raúl Torrez.  The remaining allegations in Paragraph 27 call for a legal conclusion rather than a factual response and, therefore, no response is required.

28.     Defendants admit that New York appears to be represented by Attorney General Letitia James.  The remaining allegations in Paragraph 28 call for a legal conclusion rather than a factual response and, therefore, no response is required.

29.     Defendants admit that North Carolina appears to be represented by Attorney General Jeff Jackson.  The remaining allegations in Paragraph 29 call for a legal conclusion rather than a factual response and, therefore, no response is required.

30.     Defendants admit that Oregon appears to be represented by Attorney General Dan Rayfield.  The remaining allegations in Paragraph 30 call for a legal conclusion rather than a factual response and, therefore, no response is required.

31.     Defendants admit that Plaintiff Josh Shapiro appears to bring this suit in his official capacity as Governor of the Commonwealth of Pennsylvania.  The remaining allegations in Paragraph 31 call for a legal conclusion rather than a factual response and, therefore, no response is required.

32.     Defendants admit that Rhode Island appears to be represented by Attorney General Peter F. Neronha.  The remaining allegations in Paragraph 32 call for a legal conclusion rather than a factual response and, therefore, no response is required.

33.     Defendants admit that Vermont appears to be represented by Attorney General Charity R. Clark.  The remaining allegations in Paragraph 33 call for a legal conclusion rather than a factual response and, therefore, no response is required.

34.     Defendants admit that Wisconsin appears to be represented by Attorney General Josh Kaul.  The remaining allegations in Paragraph 34 call for a legal conclusion rather than a factual response and, therefore, no response is required.

**B.     Defendants**

35.     Admitted.

36.     Defendants admit that David Richardson is the Department of Homeland Security's Assistant Secretary for Countering Weapons of Mass Destruction Office and that he is also the Senior Official Performing the Duties of the FEMA Administrator.  Defendants further admit that David Richardson appears to be sued in his official capacity.  Defendants deny the remaining allegations contained in Paragraph 36.

37.     Admitted.

38.     Admitted.

39.     Admitted.

## IV.     ALLEGATIONS

**A.     FEMA's Pre-Disaster Mitigation Program Has Helped the Nation Protect Against Disasters for Nearly 30 Years.**

40.     Paragraph 40 references H.R. Rep. No. 104-812, at 78-79 (1996) (Conf. Rep.), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 40 are inconsistent with the referenced materials, they are denied.

41.     Paragraph 41 references H.R. Rep. No. 104-812, at 78-79 (1996) (Conf. Rep.), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 41 are inconsistent with the referenced materials, they are denied.

42.     Defendants admit that FEMA started Project Impact in 1997. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42.

43.     Paragraph 43 references H.R. Rep. No. 106-40, at 11, 21 (1999), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 43 are inconsistent with the referenced materials, they are denied.

44.     Defendants admit the first sentence of Paragraph 44.  Defendants further admit that President Clinton signed the bill into law.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44.

45.      Paragraph 45 references 42 U.S.C. § 5133(b), (e), and (h), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 45 are inconsistent with the referenced materials, they are denied.

46.     Paragraph 46 references 42 U.S.C. § 5133(f) and (g), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 46 are inconsistent with the referenced materials, they are denied.

47.     Paragraph 47 references 42 U.S.C. § 5133(f)(2), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 47 are inconsistent with the referenced materials, they are denied.

48.     Paragraph 48 references 42 U.S.C. § 5133(a), (f)(2), and (g)(9), as well as 44 C.F.R. § 201.2, which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 48 are inconsistent with the referenced materials, they are denied.

49.     Defendants admit that the program has gone by different names including Project Impact, Pre-Disaster Mitigation, and BRIC.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49.

50.     Defendants deny the BRIC program has been shut down.  Defendants admit that FEMA has received hundreds of BRIC subapplications for projects like those described in Paragraph 50.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50.

51.     Paragraph 51 references various studies which speak for themselves and are the best evidence of their contents.  To the extent the allegations contained in Paragraph 51 are inconsistent with the referenced materials, they are denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.

53.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53.

**B.      Congress Expanded the Program During President Trump's First Term and FEMA Rebranded it as BRIC**

54.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54.

55.     Defendants admit that Brock Long was President Trump's first FEMA Administrator.  The remaining allegations contained in Paragraph 55 reference written and oral testimony that speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 55 are inconsistent with the referenced materials, they are denied.

56.     Paragraph 56 references FEMA's 2018-2022 Strategic Plan, which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 56 are inconsistent with the referenced materials, they are denied.

57.     Paragraph 57 references testimony that speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 57 are inconsistent with the referenced materials, they are denied.

58.     Paragraph 58 references the Disaster Recovery Reform Act, S. Rep. No. 115-446 at 3 (2018), and 42 U.S.C. § 5133(i)(1) which speak for themselves and are the best evidence of their contents.  To the extent the allegations contained in Paragraph 58 are inconsistent with the referenced materials, they are denied.

59.     Paragraph 59 references 42 U.S.C. § 5133(i)(3), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 59 are inconsistent with the referenced materials, they are denied.

60.     Admitted.

61.     Paragraph 61 references a FEMA Press Release and FEMA's Annual Report on Disaster Recovery Reform Act (DRRA) (Oct. 2019), which speak for themselves and are the best

evidence of their contents.  To the extent the allegations contained in Paragraph 61 are inconsistent with the referenced materials, they are denied.

62.    Defendants admit that the Pre-Disaster Program was renamed BRIC, that FEMA publicized the change, and that existing projects were not affected.  The remaining allegations contained in Paragraph 62 reference Pub. L. No. 118-47 § 310, 138 Stat. 460, 611 (2024), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 62 are inconsistent with the referenced materials, they are denied.

63.    Paragraph 63 references FEMA's Disaster Relief Fund Monthly Report 20 (July 31, 2025), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 63 are inconsistent with the referenced materials, they are denied.

64.    Paragraph 64 references the Infrastructure Investment and Jobs Act, Pub. L. No. 117-58, 135 Stat. 429, 1387 (2021), which speaks for itself and is the best evidence of its contents. To the extent the allegations contained in Paragraph 64 are inconsistent with the referenced materials, they are denied.

65.    Paragraph 65 references the Further Consolidated Appropriations Act, 2024, Pub. L. No. 118-47 cl. 12(B), 138 Stat. 460, 608 (2024), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 65 are inconsistent with the referenced materials, they are denied.

**C.    The Modern BRIC Program**

66.    Paragraph 66 references the DRRA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 66 are inconsistent with the referenced materials, they are denied.

11

67.     Paragraph 67 references 42 U.S.C. §§ 5133(i)(1) and (i)(3), which speak for themselves and are the best evidence of their contents.  To the extent the allegations contained in Paragraph 67 are inconsistent with the referenced materials, they are denied.

68.     Paragraph 68 references 42 U.S.C. §§ 5133(i)(1), and (f)(3), as well as the Consolidated Appropriations Act, 2024, Pub. L. No. 118-47, § 503(d)(2), 138 Stat. 460, 615 (2024), which speak for themselves and are the best evidence of their contents.  To the extent the allegations contained in Paragraph 68 are inconsistent with the referenced materials, they are denied.

69.     Paragraph 69 references 42 U.S.C. § 5133(e)(1)(A) and the Notice of Funding Opportunity for Fiscal Year 2023: Building Resilient Infrastructure and Communities Program (Oct. 12, 2022), which speak for themselves and are the best evidence of their contents.  To the extent the allegations contained in Paragraph 69 are inconsistent with the referenced materials, they are denied.

70.     Paragraph 70 references 42 U.S.C. § 5133(f)(2), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 70 are inconsistent with the referenced materials, they are denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70.

71.     Paragraph 71 references 42 U.S.C. §§ 5133(f)(3)(A) and (f)(3)(B), which speak for themselves and are the best evidence of their contents.  To the extent the allegations contained in Paragraph 71 are inconsistent with the referenced materials, they are denied.

72.     Defendants admit that once FEMA provides final approval for a project, it obligates the funds.  Defendants deny the remaining allegations contained in Paragraph 72.

73.    Paragraph 73 references FEMA Fiscal Year 2024 Program Support Material, FEMA Fiscal Year 2022 Building Resilient Infrastructure and Communities Direct Technical Assistance Selections, and FEMA *BRIC Direct Technical Assistance Communities: Fiscal Year 2023 Selected Communities*, which speak for themselves and are the best evidence of their contents.  To the extent the allegations contained in Paragraph 73 are inconsistent with the referenced materials, they are denied.

**D.    Every State Is Relying on the BRIC Program.**

74.    Defendants admit that over the past four years FEMA has selected approximately 2,000 projects to receive approximately $4.6 billion in funding.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 74.

75.    Defendants deny the allegations in Paragraph 75.

76.    Defendants deny the BRIC program has been terminated.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 76.

77.    Paragraph 77 references data collected from Notice of Funding Opportunities and OpenFEMA data collected from FEMA.gov, which speak for themselves and are the best evidence of their contents.  To the extent the allegations contained in Paragraph 77 are inconsistent with the referenced materials, they are denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 77.

**E.    The Second Trump Administration Suddenly Shuts Down the BRIC Program**

78.    Denied.

79.    Denied.

80.     Paragraph 80 consists of Plaintiffs' selected quotation and characterization of a news article to which no response is required.  To the extent a response is required, Paragraph 80 references a news article that speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 80 are inconsistent with the referenced materials and subsequent comments made by the Trump Administration, they are denied, and Defendants refer the Court to the article for a complete and accurate statement of its contents.

81.     Paragraph 81 references Exec. Order No. 14180, 90 Fed. Reg. 8743 (Jan. 24, 2025), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 81 are inconsistent with the referenced materials, they are denied.

82.      Paragraph 82 consists of Plaintiffs' selected quotation and characterization of a news article to which no response is required.  To the extent a response is required, Paragraph 82 references a news article that speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 82 are inconsistent with the referenced materials and subsequent comments made by the Trump Administration, they are denied, and Defendants refer the Court to the article for a complete and accurate statement of its contents.

83.     Defendants admit that Cameron Hamilton was the Senior Official Performing the Duties of the FEMA Administrator on March 25, 2025.  The remaining allegations contained in Paragraph 83 reference a news article, which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 83 are inconsistent with the referenced materials and subsequent actions by the Trump Administration, they are denied.

84.     The first sentence of Paragraph 84 calls for a legal conclusion rather than a factual response and, therefore, no response is required.  The remaining allegations in Paragraph 84 reference 6 U.S.C. § 316(a), which speaks for itself and is the best evidence of its contents.  To the

extent the allegations contained in Paragraph 84 are inconsistent with the referenced materials, they are denied.

85.     Paragraph 85 references a news article, which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 85 are inconsistent with the referenced materials, they are denied.

86.     Paragraph 86 calls for a legal conclusion rather than a factual response and, therefore, no response is required.  Further, Paragraph 86 references 6 U.S.C. § 316(c)(1), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 86 are inconsistent with the referenced materials, they are denied.

87.     Defendants deny that DHS leadership has "stripped FEMA of its preparedness responsibilities and assigned them to others within DHS."  The remaining allegations in Paragraph 87 reference 6 U.S.C. § 316(c)(1) and S. Rep. No. 109-322, at 221–22 (2006), which speak for themselves and are the best evidence of their contents.  To the extent the allegations contained in Paragraph 87 are inconsistent with the referenced materials, they are denied.

88.     Paragraph 88 calls for a legal conclusion rather than a factual response and, therefore, no response is required.  Further, Paragraph 88 references 6 U.S.C. §§ 313(b)(1) and (b)(2)(D), as well as 6 U.S.C. § 314(a)(9)(A), which speak for themselves and are the best evidence of their contents.  To the extent the allegations contained in Paragraph 88 are inconsistent with the referenced materials, they are denied.

89.     Paragraph 89 references 6 U.S.C. § 316(c)(1), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 89 are inconsistent with the referenced materials, they are denied.

90.     Paragraph 90 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

91.     Defendants admit that Cameron Hamilton had the title "Senior Official Performing the Duties of FEMA Administrator" in April 2025 and that he issued a memo (the "Hamilton Memo") in April 2025.  The Hamilton Memo speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 91 are inconsistent with the referenced materials, they are denied.

92.     Paragraph 92 references the Hamilton Memo, which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 92 including subparts (a) through (d) are inconsistent with the referenced materials, they are denied.

93.     Defendants admit FEMA issued a Press Release on April 4, 2025.  The Press Release speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 93 are inconsistent with the referenced materials, they are denied.

94.     Paragraph 94 references FEMA's April 4, 2025, Press Release, which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 94 are inconsistent with the referenced materials, they are denied.

95.     Defendants admit that FEMA issued an Advisory on April 16, 2025.  The Advisory speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 95, including subparts (a) through (e) are inconsistent with the referenced materials, they are denied.

96.     Defendants deny the allegations contained in the first sentence of Paragraph 96 and deny that the individual who sent the email referenced Paragraph 96 had the authority to take any action to "end" or carry out the "termination" of the BRIC program.  The remaining allegations

contained in Paragraph 96 reference the e-mail dated April 7, 2025, which speaks for itself and is the best evidence of its contents. To the extent the allegations contained in Paragraph 96 are inconsistent with the referenced materials, they are denied.

97.    Paragraph 96 references the e-mail dated April 7, 2025, which speaks for itself and is the best evidence of its contents. To the extent the allegations contained in Paragraph 97 are inconsistent with the referenced materials, they are denied.

98.    Paragraph 98 references the e-mail dated April 7, 2025, which speaks for itself and is the best evidence of its contents. To the extent the allegations contained in Paragraph 98 are inconsistent with the referenced materials, they are denied.

99.    Defendants deny that the individuals identified in Paragraph 99 had the authority to "end" or terminate the "BRIC" program. The remaining allegations contained in Paragraph 99 references e-mails which speaks for themselves and are the best evidence of their contents. To the extent the allegations contained in Paragraph 99 are inconsistent with the referenced materials, they are denied.

100.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 100.

101.    Defendants deny the allegations contained in Paragraph 101.

102.    Paragraph 102 references testimony by Cameron Hamilton to the House Appropriations Committee on May 7, 2025, which speaks for itself and is the best evidence of its contents. To the extent the allegations contained in Paragraph 102 are inconsistent with the referenced materials, they are denied.

103.    Defendants deny that FEMA unlawfully diverted funds. The remaining allegations contained in Paragraph 103 reference Disaster Relief Fund: Monthly Report 4, April 30, 2025,

which speaks for itself and is the best evidence of its contents. To the extent the allegations contained in Paragraph 103 are inconsistent with the referenced materials, they are denied.

104. Paragraph 104 references Disaster Relief Fund: Monthly Report 5, July 31, 2025, which speaks for itself and is the best evidence of its contents. To the extent the allegations contained in Paragraph 104 are inconsistent with the referenced materials, they are denied.

105. Paragraph 105 references Disaster Relief Fund: Monthly Report 5, July 31, 2025, which speaks for itself and is the best evidence of its contents. To the extent the allegations contained in Paragraph 105 are inconsistent with the referenced materials, they are denied.

106. Defendants deny the allegations in Paragraph 106.

107. Defendants admit that FEMA has not issued any BRIC award between April 2, 2025, and August 25, 2025. The remaining allegations reference data from OpenFEMA downloaded from FEMA.gov, which speaks for itself and is the best evidence of its contents. To the extent the allegations contained in Paragraph 107 are inconsistent with the referenced materials, they are denied.

108. Defendants admit that it removed the Fiscal Year 2024 Notice of Funding Opportunity for the BRIC Program from Grants.gov and FEMA's website and has not awarded any funds for Fiscal Year 2024 while it evaluates the BRIC program. Defendants deny the remaining allegations contained in Paragraph 108.

109. Defendants admit that it is developing a process to evaluate requests for extensions of periods of performance ("POP") that must be approved by the Senior Official Performing the Duties of Administrator ("SOPDOA") and that through this process the SOPDOA recently approved a POP extension for BRIC. Defendants deny the remaining allegations contained in Paragraph 109.

110.    Paragraph 110 references FEMA's Tribal Declarations Interim Guidance, which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 110 are inconsistent with the referenced materials, they are denied.

111.    Defendants deny the allegations contained in the first sentence of Paragraph 111. The remaining allegations reference a Letter from Members of Congress to Secretary Kristi Noem and David Richardson, Senior Official Performing the Duties of FEMA Administrator dated May 12, 2025, a Press Release from U.S. Senator Bill Cassidy, and House Appropriations Committee, House Report for the Department of Homeland Security Appropriations Bill, 2026, 76 (June 24, 2025), which speak for themselves and are the best evidence of their content.  To the extent the allegations contained in Paragraph 111 are inconsistent with the referenced materials, they are denied.

112.    Defendants admit that it has not reopened the 2024 NOFO.  Defendants deny the remaining allegations contained in Paragraph 112.

113.     Paragraph 113 consists of Plaintiffs' selected quotation and characterization of a news article to which no response is required.  To the extent a response is required, Paragraph 113 references a news article which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 113 are inconsistent with the referenced materials and statements made by officials with the authority to make those statements, they are denied, and Defendants refer the Court to the article for a complete and accurate statement of its contents.

## F.    Cameron Hamilton Was Not Lawfully Acting as the FEMA Administrator When He Terminated BRIC

114.    Defendants deny the allegations contained in Paragraph 114.

115.    Paragraph 115 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

19

116.    Paragraph 116 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

117.    Paragraph 117 references S. Rep. No. 109-322, at 225 (2006), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 117 are inconsistent with the referenced materials, they are denied.

118.    Paragraph 118 references 6 U.S.C. § 313(c)(2), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 118 are inconsistent with the referenced materials, they are denied.

119.    Defendants admit the allegations contained in the first sentence of Paragraph 119. The remaining allegations contained in Paragraph 119 call for a legal conclusion rather than a factual response and, therefore, no response is required.

120.    Defendants admit that Deanne Criswell resigned on January 20, 2025, and that Cameron Hamilton was appointed to serve as Associate Administrator of FEMA's Office of Response and Recovery.  Defendants further admit that Cameron Hamilton started serving as the Senior Official Performing the Duties of the Administrator in January 2025.  Defendants deny the remaining allegations contained in Paragraph 120.

121.    Defendants deny the allegations contained in the first sentence of Paragraph 121. The remaining allegations contained in Paragraph 121 call for a legal conclusion rather than a factual response and, therefore, no response is required.

122.    Paragraph 122 references 5 U.S.C. §3 345(a), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 122 are inconsistent with the referenced materials, they are denied.

123.    Defendants admit that Cameron Hamilton was not the first assistant to the FEMA Administrator on January 20, 2025, that he was not nominated by the President and confirmed by the Senate, and that he was not a senior officer or employee at FEMA for 90 days in the year preceding the vacancy.  Defendants further admit that prior to January 2025 Cameron Hamilton was the Director of Business Strategy at ProSoDel LLC and a candidate for Congress.  Defendants deny the remaining allegations contained in Paragraph 123.

**G.    The Trump Administration Replaced Hamilton with Another Illegal Administrator**

124.    Paragraph 124 consists of Plaintiffs' selected quotation and characterization of Cameron Hamilton's testimony before Congress on May 7, 2025, to which no response is required. To the extent a response is required, Defendants admit that Cameron Hamilton testified before Congress on May 7, 2025, and that he was relieved of his duties at FEMA on May 8, 2025.  By way of further response, Defendants state that Mr. Hamilton's testimony before Congress on May 7, 2025, speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 124 are inconsistent with the referenced materials, they are denied, and Defendants refer the Court to the testimony for a complete and accurate statement of its contents. Defendants deny the remaining allegations contained in Paragraph 124.

125.    Defendants admit that David Richardson was appointed in January 2025 to serve as DHS's Assistant Secretary for the Countering Weapons of Mass Destruction Office. Defendants further admit that David Richardson has not been nominated by the President and confirmed by the Senate, that he was not first assistant to the FEMA Administrator on January 20, 2025, and that he was not a senior officer or employee at FEMA or DHS for 90 days in the 365 days preceding the vacancy.  Defendants deny the remaining allegations contained in Paragraph 125.

126.    Paragraph 126 calls for a legal conclusion rather than a factual response and, therefore, no response is required

127.    Paragraph 127 references a news article dated May 9, 2025, which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 127 are inconsistent with the referenced materials, they are denied.

128.    Defendants admit that Mr. Richardson is the Senior Official Performing the Duties of Administrator for FEMA.  Defendants deny that the BRIC program has been terminated.  The remaining allegations contained in Paragraph 128 call for a legal conclusion rather than a factual response and, therefore, no response is required.

129.    Defendants admit that, to date, President Trump has not nominated a FEMA Administrator for Senate confirmation.  Defendants deny the remaining allegations contained in Paragraph 129.

## H.    The Steps Defendants Have Taken to Implement the Hamilton Memo—Including Refusing to Spend Congressionally Appropriated Funds on BRIC and Preparing to Spend Those Funds on Other Programs—Are Independently Unlawful.

### 1.    Refusing to spend funds Congress appropriated for BRIC is unlawful.

130.    Paragraph 130 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

131.    Paragraph 131 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

132.    Paragraph 132 calls for a legal conclusion rather than a factual response and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

133.    Paragraph 133 calls for a legal conclusion rather than a factual response and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

**2.      Moving the BRIC funds out of the National Public Infrastructure Predisaster Mitigation Fund to spend on other programs is unlawful.**

134.    Paragraph 134 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

135.    Paragraph 135 references 42 U.S.C. § 5133(f)(3)(A) and (f)(3)(B), which speak for themselves and are the best evidence of their content.  To the extent the allegations contained in Paragraph 135 are inconsistent with the referenced materials, they are denied.

136.    Paragraph 136 references the Consolidated Appropriations Act, 2024, Pub. L. No. 118-47, § 503(d)(2), 138 Stat. 460, 615 (2024); the Continuing Appropriations and Extensions Act, 2025, Pub. L. No. 118-83, § 101, 138 Stat. 1524, 1524 (2024); the Full-Year Continuing Appropriations and Extensions Act, 2025, Pub. L. No. 119-4, § 1101, 139 Stat. 9, 10 (2025); and 6 U.S.C. § 316(d), which speak for themselves and are the best evidence of their content.  To the extent the allegations contained in Paragraph 136 are inconsistent with the referenced materials, they are denied.

137.    Defendants deny that FEMA unlawfully diverted funds.  The remaining allegations reference Disaster Relief Fund: Monthly Report as of April 30, 2025, at 4 (2025), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 137 are inconsistent with the referenced materials, they are denied.

**I.      FEMA's Termination of BRIC Has Caused, and Is Continuing to Cause, Irreparable Harm to Plaintiff States and Communities Around the Country.**

138.    Defendants deny that BRIC has been terminated.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 138.

139.    Defendants deny that BRIC has been terminated.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 139.

## WASHINGTON

### *North Shore Levee and North Shore Levee West*

140.    Defendants admit that Plaintiff applied for BRIC grants.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 140.

141.    Defendants admit that the North Shore Levee Project was reviewed during the Fiscal Year 2021 BRIC review cycle and was selected for $50 million in Summer 2022. Defendants further admit that the North Shore Levee West Project was reviewed during the Fiscal Year 2020 BRIC review cycle and was selected for $34,650,746.2 in Summer 2021.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 141.

142.    Defendants deny that the BRIC program was shut down.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 142.

### *Goldendale Emergency Preparedness Microgrid*

143.    Defendants admit that Plaintiff applied for BRIC grants.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 143.

144.    Defendants admit that the Goldendale Climate Resilience Microgrid Project was selected for a BRIC grant in Fiscal Year 2022 for $9,817,554.40.  Defendants deny that the BRIC

program was shut down.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 144.

## MASSACHUSETTS

145.    Defendants admit that FEMA awarded the cities of Chelsea and Everett a BRIC grant of $49,999,000.00 for the Island End River Coastal Flood Resilience Project.  Defendants further admit that this is the largest BRIC grant awarded in Massachusetts.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 145.

146.    Defendants admit that FEMA awarded the Town of Manchester-by-the-Sea $4,484,673.00 in BRIC funds.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 146.

## ARIZONA

147.    Defendants admit that FEMA selected 25 BRIC projects for Arizona between Fiscal Years 2020 and 2023.  Defendants further admit that the total selected federal share for those 25 BRIC projects was $9,794,131.53, of which $1,180,666.92 was selected for management costs.  Defendants deny that the BRIC program was terminated.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 147.

148.    Defendants admit that FEMA selected the City of Buckeye, Arizona for a BRIC award in Fiscal Year 2022.  Defendants deny the project was selected for $4.6 million and admit a federal share selected of $4,567,482.75.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 148.

149.    Defendants admit that FEMA selected the Town of Camp Verde, Arizona for a BRIC grant with a federal share of $867,255.00.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 149.

150.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150.

## CALIFORNIA

151.    Defendants admit that the City of Rancho Palos Verdes was selected for a BRIC grant in Fiscal Year 2022 with a federal share of $23,329,850.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 151.

152.    Defendants admit that FEMA selected the City of Sacramento's subapplication in Fiscal Year 2023 with a selected federal share of $49,956,113.40. Defendants deny the subapplication was for $21.36 million.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 152.

153.    Defendants admit that FEMA selected Kern County's subapplication in Fiscal Year 2022 for a selected federal share of $32,387,675.72.  Defendants deny that the subapplication was for $32.39 million.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 153.

## COLORADO

### *City of Greeley Goldhill Pipeline Project*

154.    Defendants admit that FEMA selected the referenced project in Fiscal Year 2022 for a federal share of $13,819,346.46.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 154.

26

**CONNECTICUT**

155.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155.

156.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156.

157.    Defendants deny that the BRIC program has been terminated.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 157.

**DELAWARE**

158.    Defendants admit that the Delaware Emergency Management Agency submitted 11 BRIC subapplications, all of which FEMA selected but have not awarded.  Defendants deny that the BRIC program has been cancelled.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 158.

159.    Defendants deny that the BRIC program has been cancelled.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 159.

160.    Defendants deny that the BRIC program has been cancelled.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 160.

**THE DISTRICT OF COLUMBIA**

161.    Defendants admit that FEMA selected the District of Columbia's referenced subapplications in Fiscal Year 2022 for a total federal share of $1,486,873.00.  Defendants deny

the subapplications were for $2.13 million. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 161.

162.    Defendants admit that FEMA selected but has not yet awarded seven subapplications in Fiscal Years 2022 and 2023 for the District of Columbia for a total federal share of $5,155,750. Defendants further admit that two projects have been awarded for Phase 1 and one project has been fully obligated for Phase 2 for Fiscal Years 2020 and 2021. Defendants deny that the BRIC program has been cancelled. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 162.

163.    Defendants deny that the BRIC program has been cancelled. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 163.

## ILLINOIS

164.    Defendants admit that FEMA selected the Village of DePue and the Metropolitan Water Reclamation District of Greater Chicago for BRIC subgrants in Fiscal Year 2022 and Fiscal Year 2023, respectively. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 164.

165.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165.

166.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166.

167.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167.

168.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168.

**KENTUCKY**

169.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169.

170.    Defendants deny that the BRIC program has been terminated.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 170.

171.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171.

172.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172.

173.    Defendants deny that the BRIC program has been terminated.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 173.

**MAINE**

***York County Coastal Sand Dune Restoration and Protection Initiative***

174.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174.

**MARYLAND**

175.     Defendants admit that FEMA has a Memorandum of Understanding with the City of Crisfield to provide BRIC Direct Technical Assistance. Defendants deny that the BRIC program

was cancelled.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 175.

176.    Defendants admit that FEMA selected the City of Crisfield's BRIC subapplication with a federal share of $36,210,467.67 in Fiscal Year 2023. Defendants deny that the BRIC program has been terminated. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 176.

177.    Defendants admit that FEMA selected the County of Dorchester and the County of Somerset for BRIC Direct Technical Assistance in Fiscal Year 2023.  Defendants deny that the BRIC program has been terminated. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 177.

## MICHIGAN

178.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178.

179.    Defendants admit that FEMA awarded a $2 million BRIC grant to Michigan Department of Licensing and Regulatory's Bureau of Construction Codes.  Defendants further admit that the grant has been fully obligated since November 2024 and the awardee has not drawn down any funds.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 179.

## MINNESOTA

180.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180.

## NEW JERSEY

### *NJWSA Spruce Run Dam Foundation Grouting Project*

181.    Defendants admit that it awarded BRIC funds for the referenced project. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in Paragraph 181.

### *PANYNJ Elevation-Floodproofing of Building 111 Infrastructure Mitigation*

182.    Defendants admit that FEMA awarded BRIC funds for the referenced project. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 182.

### NEW MEXICO

183.    Defendants deny that there are 16 open projects selected for BRIC grants for an amount of over $4.36 million.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 183.

184.    Defendants admit that FEMA obligated $540,263.60 in BRIC funds for the referenced project.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 184.

185.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185.

186.    Defendants admit that, including a Tribal set aside, FEMA selected but had not yet awarded four projects in New Mexico totaling $2,036,341.50 as part of the Fiscal Year 2023 BRIC grant cycle.  Defendants deny that the BRIC program has been cancelled.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 185.

187.    Defendants deny that the BRIC program has been cancelled.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 187.

## NEW YORK

188.    Defendants admit that FEMA selected the referenced phased project for a federal share of $50 million.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188.

189.    Defendants deny that the BRIC program has been terminated.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 189.

190.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190.

191.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191.

## NORTH CAROLINA

192.    Defendants admit that the City of Salisbury was selected for a Fiscal Year 2021 BRIC grant for a federal share of $22,496,850.00.  Defendants deny that the BRIC program has been cancelled Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 192.

## OREGON

193.    Defendants admit that Oregon has 29 selected subapplications for a total federal share of $141,287,335.07.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 193.

194.    Defendants admit that FEMA selected Clatsop County's subapplication in the amount of $19,853,032 for BRIC, with a federal share of $13,897,122.40. Defendants deny that the BRIC program has been terminated. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 194.

195.    Defendants admit that the referenced project was selected for a $34,806,505 BRIC grant. Defendants deny that the BRIC program has been terminated. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 195.

196.    Defendants admit that the referenced project was selected for a $50 million BRIC grant. Defendants deny that the BRIC program has been terminated. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 196.

197.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197.

### PENNSYLVANIA

198.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198.

199.    Defendants admit that the City of Philadelphia was selected for a Fiscal Year 2023 BRIC grant to support the Eastwick neighborhood of Southwest Philadelphia for a federal share of $2,012,532.15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 199.

200.    Defendants deny that the BRIC program has been terminated.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 200.

201.    Defendants admit that the Philadelphia Water Department was selected for two separate BRIC awards: one was selected in Fiscal Year 2023 for $49,999,999.75 in federal share and another was selected in Fiscal Year 2022 for $50,000,000 in federal share.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 201.

202.    Defendants admit that the City of Scranton was selected for a BRIC award in Fiscal Year 2023 for a federal share of $2,717,212.73.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 202.

203.    Defendants admit that Bridgeville Borough and Dover Township were selected for BRIC awards in Fiscal Year 2022 with federal shares of $5,334,092.25 and $5,830,897.21, respectively.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 203.

204.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204.

205.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205.

## RHODE ISLAND

206.    Defendants admit that FEMA selected the University of Rhode Island for a BRIC award in Fiscal Year 2022.  Defendants deny that the project was selected for $348,978.18 and admit a federal share selected of $381,704.39 and an obligated amount of $348,978.17.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 206.

207.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 207.

**VERMONT**

208.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 208.

209.    Defendants admit that FEMA selected the Lower Whetstone Brook Project Scoping Study in Fiscal Year 2023 with a federal share of $104,960.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 209.

210.    Defendants admit FEMA selected the Flat Iron Bridge Project Scoping Study in Fiscal Year 2023 with a federal share of $71,250.00. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 210.

**WISCONSIN**

211.    . Defendants admit that FEMA selected the Potosi School District and the Village of Cuba City for awards in Fiscal Year 2022 and that the Potosi School District project was selected for a federal share of $2,892,300.00 and the Village of Cuba City was selected for a federal share of $8,792,147.34.  Defendants deny that the BRIC program has been cancelled Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 211.

212.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212.

213.    Defendants admit that FEMA selected the Town of Whitestown for an award in Fiscal Year 2023 and that the project was selected for a federal share of $138,566.05.  Defendants deny that the BRIC program has been cancelled.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 213.

## V.    FIRST CAUSE OF ACTION

Violation of the Separation of Powers
(Termination of BRIC Program – Substantially Reducing Mitigation Functions)

214.    Defendants repeat and incorporate by reference their responses to Paragraphs 1-213 above as if set forth fully herein.

215.    Paragraph 215 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

216.    Paragraph 216 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

217.    Paragraph 217 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

218.    Paragraph 218 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

219.    Paragraph 219 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

220.    Paragraph 220 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

221.    Paragraph 221 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

222.    Paragraph 222 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

223.    Denied.

224.    Paragraph 224 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

225.    Denied.

## VI.    SECOND CAUSE OF ACTION

Administrative Procedure Act
Agency Action Contrary to Law, 5 U.S.C. §§ 706(2)(A)-(C)
(Termination of BRIC Program – Substantially Reducing Mitigation Functions)

226.    Defendants repeat and incorporate by reference their responses to Paragraphs 1-225 above as if set forth fully herein.

227.    Paragraph 227 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

228.    Admitted.

229.    Denied.

230.    Denied.

231.    Denied.

## VII.    THIRD CAUSE OF ACTION

Violation of the Separation of Powers
(Repurposing BRIC Funds)

232.    Defendants repeat and incorporate by reference their responses to Paragraphs 1-231 above as if set forth fully herein.

233.    Paragraph 233 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

234.    Paragraph 234 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

235.    Paragraph 235 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

236.    Paragraph 236 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

237.    Denied.

238.    Denied.

## VIII.   FOURTH CAUSE OF ACTION

Administrative Procedure Act
Agency Action Contrary to Law, 5 U.S.C. §§ 706(2)(A)-(C)
(Repurposing BRIC Funds)

239.    Defendants repeat and incorporate by reference their responses to Paragraphs 1-238 above as if set forth fully herein.

240.    Paragraph 240 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

241.    Admitted.

242.    Denied.

243.    Denied.

244.    Denied.

## IX.   FIFTH CAUSE OF ACTION

Violation of the Separation of Powers, Appropriations Clause, Spending Clause
(Withholding Appropriated Funds)

245.    Defendants repeat and incorporate by reference their responses to Paragraphs 1-244 above as if set forth fully herein.

246.    Paragraph 246 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

247.    Paragraph 247 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

248.    Paragraph 248 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

249.    Paragraph 249 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

250.    Paragraph 250 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

251.    Admitted.

252.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 252.

253.    Defendants deny the BRIC program was shut down.  The remaining allegations contained in Paragraph 253 reference FEMA Advisory, Update on FEMA Ending the Building Resilient Infrastructure and Communities Program (Apr. 16, 2025), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 253 are inconsistent with the referenced materials, they are denied.

254.    Denied.

255.    Denied.

256.     Defendants deny the allegations contained in the first sentence of Paragraph 256. Defendants further deny the BRIC program has been terminated.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 256.

257.     Denied.

258.     Denied.

## X.     SIXTH CAUSE OF ACTION

Administrative Procedure Act
Agency Action Contrary to Law, 5 U.S.C. §§ 706(2)(A)-(C)
(Withholding Appropriated Funds)

259.     Defendants repeat and incorporate by reference their responses to Paragraphs 1-258 above as if set forth fully herein.

260.     Paragraph 260 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

261.     Admitted.

262.     Denied.

263.     Paragraph 263 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

264.     Paragraph 264 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

265.     Paragraph 265 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

266.     Paragraph 266 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

267.    Defendants deny the BRIC program has been shut down.  The remaining allegations contained in Paragraph 267 reference FEMA Advisory, Update on FEMA Ending the Building Resilient Infrastructure and Communities Program (Apr. 16, 2025), which speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 267 are inconsistent with the referenced materials, they are denied.

268.    Denied.

269.    Denied.

270.    Denied.

## XI.    SEVENTH CAUSE OF ACTION

Violation of the Appointments Clause
(Termination of BRIC Program – No Authority to Act as Administrator)

271.    Defendants repeat and incorporate by reference their responses to Paragraphs 1-270 above as if set forth fully herein.

272.    Paragraph 272 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

273.    Paragraph 273 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

274.    Paragraph 274 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

275.    Paragraph 275 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

276.    Paragraph 276 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

277.    Defendants admit that Cameron Hamilton was not nominated by the President and confirmed by the Senate.  Defendants deny the remaining allegations contained in Paragraph 277.

278.    Paragraph 278 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

279.    Paragraph 279 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

280.    Paragraph 280 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

281.    Denied.

282.    Defendants admit that David Richardson was not nominated by the President and confirmed by the Senate.  Defendants deny the remaining allegations contained in Paragraph 282.

283.    Denied.

## XII.    EIGHTH CAUSE OF ACTION

Administrative Procedure Act
Agency Action Contrary to Law, 5 U.S.C. § 706(2)(A)-(C)
(Termination of BRIC Program – No Authority to Act as Administrator)

284.    Defendants repeat and incorporate by reference their responses to Paragraphs 1-283 above as if set forth fully herein.

285.    Paragraph 285 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

286.    Admitted.

287.    Denied.

288.    Denied.

289.    Denied.

## XIII.   NITH CAUSE OF ACTION

Equitable *Ultra Vires*
(BRIC Termination, Withholding Appropriated Funds, Repurposing BRIC Funds)

290.     Defendants repeat and incorporate by reference their responses to Paragraphs 1-289 above as if set forth fully herein.

291.     Paragraph 291 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

292.     Paragraph 292 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

293.     Paragraph 293 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

294.     Paragraph 294 calls for a legal conclusion rather than a factual response and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

295.     Paragraph 295 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

296.     Paragraph 296 calls for a legal conclusion rather than a factual response and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

297.     Paragraph 297 calls for a legal conclusion rather than a factual response and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

298.     Paragraph 298 calls for a legal conclusion rather than a factual response and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

299.     Paragraph 299 calls for a legal conclusion rather than a factual response and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

300.    Paragraph 300 calls for a legal conclusion rather than a factual response and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

## XIV.    TENTH CAUSE OF ACTION

Administrative Procedure Act
Unlawful Withholding and/or Unreasonable Delay of Agency Action, 5 U.S.C. § 706(2)(1)
(Withholding Appropriated Funds)

301.    Defendants repeat and incorporate by reference their responses to Paragraphs 1-300 above as if set forth fully herein.

302.    Paragraph 302 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

303.    Paragraph 303 calls for a legal conclusion rather than a factual response and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

304.    Paragraph 304 calls for a legal conclusion rather than a factual response and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

305.    Denied.

## XV.    PRAYER FOR RELIEF

The allegations contained in this section constitute Plaintiffs' prayer for relief, to which no response is required.  To the extent the allegations contained in this section can be construed as alleging facts against Defendants, they are denied.

## AFFIRMATIVE DEFENSES

1.    The Court lacks subject-matter jurisdiction over Plaintiffs' request for relief to the extent that Plaintiffs have failed to establish an Article III case-or-controversy.

2.      The Court lacks subject-matter jurisdiction over Plaintiffs' request for relief to the extent that Plaintiffs are challenging action or inaction taken with respect to existing grants, which must be litigated in the Court of Federal Claims.

3.      The Court lacks subject-matter jurisdiction over Plaintiffs' request for relief to the extent that the government has not waived sovereign immunity for discretionary actions performed under the Stafford Act.

4.      The Court lacks subject-matter jurisdiction over Plaintiffs' requests for relief to the extent that any requested relief exceeds the relief authorized by the APA.

5.      APA review is unavailable in the absence of "final agency action" under 5 U.S.C. § 704.

6.      All actions taken by Defendants with respect to Plaintiffs were rendered in accordance with law and in good faith and are supported by the administrative record.

7.      Plaintiffs' Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

8.      All actions taken by Defendants were supported by substantial evidence.

9.      Plaintiffs are neither eligible for nor entitled to attorney's fees or costs in this matter.

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Amended Complaint become known to Defendants through the course of this litigation.  Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiffs as a matter of law.

Respectfully submitted:

LEAH B. FOLEY
U.S. ATTORNEY

Dated: September 15, 2025        By:    /s/ *Nicole M. O'Connor*
        Nicole M. O'Connor
        Assistant United States Attorney
        United States Attorney's Office
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        Tel.: 617-748-3112
        Email: Nicole.O'Connor@usdoj.gov

## CERTIFICATE OF SERVICE

I, Nicole M. O'Connor, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: September 15, 2025        By:    /s/ *Nicole M. O'Connor*
        Nicole M. O'Connor
        Assistant United States Attorney