UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF WASHINGTON et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY; KAREN EVANS, in her official capacity as the Senior Official Performing the Duties of the Administrator of the Federal Emergency Management Agency; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as the Secretary of the Department of Homeland Security; and the UNITED STATES OF AMERICA,<br><br>      Defendants. | Civil Action No. 1:25-cv-12006-RGS |

**OPPOSITION TO PLAINTIFF STATES' MOTION TO ENFORCE THE COURT'S SUMMARY JUDGMENT ORDER**

Defendants—the Federal Emergency Management Agency ("FEMA"), Karen Evans, in her official capacity as the Senior Official Performing the Duties of the Administrator ("SOPDOA") of FEMA, the Department of Homeland Security ("DHS"), Kristi Noem, in her official capacity as the Secretary of DHS, and the United States of America—are fully committed to complying with this Court's Summary Judgment Order dated December 11, 2025 (Doc. No. 130).[1] Since December 11, 2025, FEMA has complied with each directive issued by this Court while continuing to evaluate the Building Resilient Infrastructure and Communities ("BRIC") program, consistent with this Court's Order that "[n]othing in this Order precludes defendants from…otherwise analyzing the BRIC program[.]" Doc. No. 130 at p. 3.

---

[1] Defendants did not appeal this Court's Summary Judgment Order (Doc. No. 130) or Judgment (Doc. No. 131).

1

In their Motion to Enforce, Plaintiff States allege that "[n]othing has changed since the Order[.]" Doc. No. 132 at p. 2. This is false. Defendants have filed herewith a Declaration from SOPDOA Evans, the principal advisor to the President and Secretary of DHS on all matters related to emergency management in the United States, detailing developments in the BRIC program and FEMA's plans, among other things, to design a new Notice of Funding Opportunity ("NOFO") that aligns with the original goals of Congress and the Trump Administration. While some of FEMA's goals for BRIC have been delayed—and are continuing to be delayed—due to *two* funding lapses since December 11, 2025, and a national-level response to a winter storm that impacted seven of the ten FEMA regions, FEMA is continuing to take actions, as outlined below, to comply with this Court's Order.

Plaintiff States also seek relief that is beyond the scope of what this Court ordered. Plaintiff States ask this Court to order Defendants to issue a Fiscal Year 2024 NOFO on Plaintiff States' preferred timeline, and to provide each Plaintiff State with a status report regarding, among other things, "what steps are required to move [their] projects forward." Doc. No. 132 at p. 3. But this Court did not order Defendants to re-issue the Fiscal Year 2024 NOFO within a certain time period, nor are Defendants required to move forward with any Plaintiff State project. As recognized by this Court, nothing prohibits FEMA from "allocating BRIC funds among qualified applicants in the ordinary exercise of the Secretary's discretion in the manner authorized by Congress[.]" Doc. No. 130 at p. 3. And while Defendants may move forward with a Plaintiff State project once FEMA completes its review of their subapplications, nothing in this Court's Order *requires* them to do so, much less on Plaintiff States' preferred timeline. *See* Doc. No. 132-1 (seeking order requiring Defendants to provide each Plaintiff State with a status report within 14 days providing a "description of each

2

remaining stage of review and approval, the timeline for these stages, and any steps the state or its subgrantees must take in order to move the project to the next final stage").

In short, to date, Defendants have fully complied with this Court's Order and will continue to comply with the Order going forward. For these reasons, and those described below, the Court should deny Plaintiff States' motion.

## LEGAL STANDARD

A court's power to enforce a judgment is confined to the four corners of the judgment itself. *See Fafel v. DiPaola*, 399 F.3d 403, 409-10 (1st Cir. 2005) (explaining that enforcement jurisdiction "extends only so far as required to effectuate a judgment"); *see also Peacock v. Thomas*, 516 U.S. 349, 359 (1996). Enforcement proceedings are summary in nature; they cannot be used to take up matters beyond the contours of the judgment and thereby short-circuit the usual adjudicative processes. *Id.* Consequently, when a matter is beyond the scope of a judgment, no relief is available through a motion to enforce the judgment. *See Fafel*, 399 F.3d at 411.

## ARGUMENT

**I.     Defendants Have Fully Complied With This Court's Order.**

FEMA is fully committed to complying with this Court's Summary Judgment Order. *See* Declaration of SOPDOA Evans, filed herewith as *Exhibit 1*, at ¶ 15.

To start, this Court ordered Defendants to "provide written notice of this Order to all federal departments and agencies to which the Hamilton Memo or its directives, either therein or subsequently reissued, were communicated." Doc. No. 130 at p. 4. Defendants complied with this directive on December 23, 2025, by providing written notice of the Order to all federal departments and agencies to which the Hamilton Memo or its directives were

3

communicated, which included the United States Department of Agriculture, the Bureau of Indian Affairs, and the Small Business Administration. *See Exhibit 1*, ¶ 6; *see also* Notice of December 11, 2025 Summary Judgment Order and Permanent Injunction [Exh. A to *Exhibit 1*].

This Court also ordered Defendants to "promptly take all steps necessary to reverse the termination of the BRIC program, including reversing any policies, memoranda, directives, or actions issued before this Order that were designed or intended, in whole or in part, to implement, adopt, give effect to, comply with, or carry out the termination of the BRIC program." Doc. No. 130 at pp. 2-3. Defendants complied with this order by informing the relevant federal agencies that they are enjoined from implementing the Hamilton Memo or the April 4 Press Release without Congressional approval and that they cannot take any actions to terminate, freeze, or pause the BRIC program with respect to Plaintiff States. *See* Notice of December 11, 2025 Summary Judgment Order and Permanent Injunction [Exh. A to *Exhibit 1*]. Defendants also publicly announced that FEMA would fully comply with this Court's Order regarding BRIC funding. *See Exhibit 1*, ¶ 7; *see also* Public Statements [Exh. B to *Exhibit 1*].

Further consistent with this Court's Order, Defendants have not obligated, used, expended, disbursed, transferred, or reprogrammed funds set aside for pre-disaster mitigation for other purposes, and does not intend to do so. *See* Doc. No. 130 at p. 3; *see also Exhibit 1*, ¶ 5. The Infrastructure Investment and Jobs Act ("IIJA") funds appropriated to DHS/FEMA for the BRIC program remain available for BRIC purposes only, as do the funds that FEMA set aside from the Disaster Relief Fund for BRIC. *Exhibit 1*, ¶ 5.

In addition to these specific actions that were ordered by the Court, FEMA has taken—

4

or is in the process of taking—other affirmative steps to administer the BRIC program. *First*, FEMA intends to design a new NOFO that aligns with BRIC's original purpose and the Trump Administration's priorities. *Exhibit 1*, ¶ 9. As recognized by this Court, nothing in its Order prohibits Defendants from "analyzing the BRIC program", Doc. No. 130 at p. 3, and FEMA is doing precisely that. FEMA is currently reviewing the BRIC program to ensure its operation aligns with the goals of Congress. *Exhibit 1*, ¶ 8. The goal of this review is to improve the BRIC program—not terminate it. *Exhibit 1*, ¶ 8. And when it completes its review, FEMA intends to move forward with a re-designed NOFO. *Id.* At that time, eligible applicants—including Plaintiff States—will be able to submit applications. *Id.* FEMA will disseminate information to eligible applicants regarding how to apply for the new NOFO when the re-design process is complete. *Exhibit 1*, ¶ 8.

*Second*, FEMA and DHS plan to engage with applicants and recipients regarding BRIC's continued operation and timelines and are coordinating to finalize details for these engagements. *Exhibit 1*, ¶ 9. The first portion of external facing engagement will begin with FEMA headquarters providing written guidance to all FEMA Regional Offices that will ensure that Regions are well-equipped to effectively resume any communications with state, local, tribal and territorial partners that may have paused prior to the Court's Order. *Id.* As this engagement begins, FEMA headquarters expects to provide ongoing technical support for Regional Offices to ensure they can provide timely, consistent, and clear information to applicants and recipients. *Id.*

*Third*, FEMA continues to review pending BRIC subapplications and recipient management costs requests—including those of Plaintiff States—to ensure that funding is being obligated and dispersed in line with FEMA's statutory, regulatory, and programmatic

requests. *Exhibit 1*, ¶ 10.

*Fourth*, FEMA included BRIC as one of its Hazard Mitigation Assistance ("HMA") grant programs for which it is required to prepare and circulate information collection instruments that are subject to the Paperwork Reduction Act of 1995. *Exhibit 1*, ¶ 11. FEMA recently revised a currently approved information collection associated with HMA grant programs, and as part of that revision, published a 60-Day Notice of Revision and Request for Comments in the Federal Register on February 11, 2026. *See* 91 Fed. Reg. 6,238. In the publication, FEMA referenced BRIC as part of its programming and described BRIC's goal of "strengthen[ing] our national hazard mitigation capabilities to foster resilience" through financial investments and non-financial direct technical assistance. *Id.*

*Lastly*, since December 11, 2025, FEMA has processed three period of performance ("POP") extension requests, resulting in one approval for Hawaii and two denials for Connecticut and Indiana, respectively. *Exhibit 1*, ¶ 12. These have not yet been communicated to recipients given that notifications are typically sent via FEMA Grants Outcomes ("FEMA Go")—BRIC's grant management system—which is currently offline due to the partial government shutdown.[2] *Id.* Additionally, between December 11, 2025, and February 16, 2026, BRIC grant recipients continued to draw down on their awards until FEMA GO went offline. *Exhibit 1*, ¶ 13. During that period, FEMA reimbursed BRIC grant recipients a total of $90,212,472.16, and processed a total of 354 individual payments. *Id.*

All that said, FEMA recognizes that its goals for BRIC and the events described above have been delayed—and continue to be delayed—due to recent staffing challenges. FEMA

---

[2] FEMA Go went offline on February 17, 2026, because of the partial government shutdown. *Exhibit 1*, ¶ 12. BRIC grant recipients will be able to draw down on their awards once the shutdown ends and FEMA GO is back online. *Id.*

6

has experienced two funding lapses since December 11, 2025, resulting in many employees critical to BRIC's administration being furloughed—including the HMA Division Director, both HMA Deputy Division Directors, one of three BRIC Section Chiefs, as well as the FEMA Go staff.[3]  *Exhibit 1*, ¶ 14.  Indeed, BRIC requires 35 staff to fully manage the program; currently it is operating with only 16. *Exhibit 1*, ¶ 14. Staffing resources have been further strained by FEMA's national-level response to a winter storm in February 2026 that impacted seven of the ten FEMA regions. *Id.* Nonetheless, while staffing is impacting the speed by which FEMA completes the goals and activities described in the Declaration of SOPDOA Evans, FEMA is continuing to take the actions required to comply with the Court's Summary Judgment Order as efficiently as possible. *Id.*

## II. Plaintiff States' Allegations That FEMA Has Not Complied With This Court's Order Are Without Merit And Plaintiff States Otherwise Seek Relief Beyond This Court's Order.

Plaintiffs States' allegations that FEMA has not complied with this Court's Summary Judgment Order are either conclusory, speculative, or contradicted by the Declaration of SOPDOA Evans. Additionally, Plaintiff States impermissibly seek relief that is beyond the scope of this Court's Order.

### A. Plaintiffs' Allegations Of Non-Compliance Are Without Merit

First, Plaintiff States allege that "Defendants have communicated nothing to funding recipients, including Plaintiff States, or the public that indicates they have restarted administration of the BRIC program." As an initial matter, nothing in this Court's Order requires Defendants to issue any such communications. The only communication ordered by

---

[3] Of these staff members, only one HMA Division Director has been recalled. *Exhibit 1*, ¶ 14 fn. 5.

7

the Court was that Defendants were instructed to provide written notice of the Court's Order to all federal agencies to whom the Hamilton Memo was directed. *See* Doc. No. 130 at p. 4. Defendants complied with this order on December 23, 2025, as described above. Nonetheless, though Defendants were not required to issue any further communications, Defendants *have* communicated with both Plaintiff States and the public that FEMA intends to comply with this Court's Order. These communications are evidenced in Plaintiff States' own filings. *See* Doc. No. 134-5, ¶¶ 7-8; Doc No. 134-19, ¶ 5 (communicating that FEMA intends to comply with Court Order). FEMA has also issued several public statements to media outlets indicating that FEMA intends to comply with all court orders regarding BRIC funding. *See Exhibit 1*, ¶ 7; *see also* Public Statements [Exh. B to *Exhibit 1*].

Plaintiff States also point out that in response to recent inquires regarding the status of their projects, they have received responses that FEMA regional offices "[did] not have any updates to share" and that they did not yet have "new information on the BRIC program." *See* Doc. 133 at p. 6. This much is true, at least as of the timing of those communications. But this is not evidence that Defendants have failed to comply with the Court's Order, which did not prescribe timelines by which information must be shared with Plaintiff States in any event. This is evidence that Defendants are still in the process of analyzing subapplications consistent with this Court's Order and the Secretary's statutory discretion. And, as described in the Declaration of SOPDOA Evans, FEMA is finalizing efforts to re-engage communications with any applicants or recipients that may have paused prior to the Court's Order. *Exhibit 1*, ¶ 9. As part of that process, written guidance will be provided to all FEMA Regional Offices to ensure that timely, consistent, and clear information is provided to applicants and

recipients.[4] *Exhibit 1*, ¶ 9. FEMA recognizes that these timelines have been slowed due to staffing shortages and lapses in funding, but Defendants are continuing to take actions to comply with the Court's Order. *Exhibit 1*, ¶ 15.

Plaintiff States next claim that "Defendants have taken no public-facing steps to revoke the termination." Doc. No. 133 at p. 6. Again, not so. Putting aside that the Order does not require Defendants to take "public-facing" steps revoke the termination, Defendants *have* issued public statements to the media that they intend to comply with the Court's Order, and Defendants recently identified BRIC as being part of FEMA's HMA grant programs in a February 11, 2026 publication in the Federal Register. *Exhibit 1*, ¶ 11. In the publication, FEMA described BRIC's funding program and non-monetary financial assistance objectives. *Id.*

Plaintiff States next claim that "FEMA has failed to resolve [POP] extension requests from Plaintiff States[.]" Doc. No. 133 at p 8. Once again, not the case. Since December 11, 2025, FEMA has resolved three POP extension requests, one for Hawaii, one for Connecticut, and one for Indiana, respectively. *Exhibit 1*, ¶ 12. As noted above, these results have not yet been communicated to recipients because FEMA GO is currently offline due to the partial government shutdown. *Id.* FEMA is currently in the process of evaluating 30 additional POP requests. *Id.* Plaintiff States lament that some of their deadlines could expire because FEMA has not yet resolved their extension requests. Doc. No. 133 at 8. But this does not amount to a violation of this Court's Order, particularly where FEMA has discretion to grant or deny

---

[4] Plaintiff States also reference various correspondence from FEMA regional offices in which certain offices referenced a "litigation hold" or "ongoing litigation". *See* Doc. No. 133 at pp. 8-9. Defendants anticipate that the written guidance provided to all FEMA Regional Offices as part of its external facing re-engagement efforts will ensure that all offices are well equipped to provide timely, consistent, and clear communication. *See Exhibit 1*, ¶ 9.

such requests, and this Court has not prescribed the timelines in which it must do so. *Exhibit 1*, ¶ 12.

### B. Plaintiff States Seek Relief Beyond The Scope Of This Court's Order.

Finally, Plaintiff States seek relief that is beyond the scope of this Court's Order. This is impermissible. *See Fafel*, 399 F.3d at 409-10 (limiting enforcement relief to four corners of the judgment). Specifically, Plaintiff States seek an order compelling Defendants to re-issue the 2024 NOFO. Doc. No. 132 at p. 3. But this Court did not Order Defendants to re-issue the 2024 NOFO. *See generally* Doc. No. 130. This Court enjoined Defendants from "obligating, using, expending, disbursing, transferring, or reprogramming funds set aside for FEMA's pre-disaster mitigation program under 42 U.S.C. § 5133(i) or appropriated directly to FEMA's pre-disaster mitigation program, for purposes other than FEMA's pre-disaster mitigation program without Congressional authority and approval." Doc. No. 130 at p. 3. Defendants have complied with this Order. *See Exhibit 1*, ¶ 5. No funds have been obligated, used, expended, or transferred, as described above. *See id.*

Moreover, Defendants note that each BRIC NOFO, including the Fiscal Year 2024 NOFO, is funded by "no year" funds, meaning that such funds remain available indefinitely until expended, regardless of the fiscal year. *Id.*; *see also* GAO, Principles of Federal Appropriations Law, ch. 5, 5-6 (4th ed. 2016 rev.). To that end, consistent with IIJA, Pub. L. No. 117-58, 135 Stat. 429, 1387 (2021) and 42 U.S.C. § 5133(f), $200 million in funds remain available for fiscal years 2024 through 2026. *See Exhibit 1*, ¶ 5. And, as described above, FEMA is in the process of fashioning a new NOFO for these funds. *Exhibit 1*, ¶ 8.

Plaintiff States also ask this Court to order Defendants to issue status reports to each Plaintiff State, detailing the status of their BRIC projects and outlining what steps are required

10

to move these projects forward. Doc. No. 132 at 3. This relief is beyond the four corners of the Summary Judgment Order. *See generally* Doc. No. 130. Instead, according to the Order's explicit terms, Defendants are enjoined from terminating, shutting down, canceling, freezing, suspending, or pausing the BRIC program with respect to Plaintiff States without Congressional authorization and approval—and Defendants have complied with these terms. *See* Doc. 130 at 2. Defendants are continuing to review Plaintiff States' subapplications, are in the process of fashioning a new NOFO, are re-engaging with external partners to ensure that communications with state, local, tribal and territorial applicants or recipients are *un*paused, and are reviewing POP extension requests (after rendering three determinations to date). *Exhibit 1*, ¶¶ 8-13. These efforts only underscore the continued administration of the BRIC program and FEMA's commitment to complying with the Court's Order.

At bottom, what Plaintiff States seek is for Defendants to review their subapplications faster. But this Court did not prescribe timelines by which Defendants must complete their review, much less on the timelines preferred by Plaintiff States. FEMA recognizes that there have been delays in executing the goals described above and in the attached Declaration of SOPDOA Evans. But these delays are caused by extreme staffing shortages and lapses in funding—not by efforts of FEMA to evade this Court's Order. As SOPDOA Evans makes clear, Defendants are "fully committed to complying with the Court's December 11, 2025, Summary Judgment Order." *Exhibit 1*, ¶ 15. And, to date, FEMA has fully complied with all of this Court's directives.

## CONCLUSION

For the reasons described above, Plaintiff States' Motion to Enforce should be denied.

Respectfully submitted:

LEAH B. FOLEY
U.S. ATTORNEY

Dated: March 3, 2026              By:    /s/ *Nicole M. O'Connor*
                                         Nicole M. O'Connor
                                         Assistant United States Attorney
                                         United States Attorney's Office
                                         1 Courthouse Way, Suite 9200
                                         Boston, MA 02210
                                         Tel.: 617-748-3112
                                         Email: Nicole.O'Connor@usdoj.gov

## CERTIFICATE OF SERVICE

I, Nicole M. O'Connor, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: March 3, 2026              By:    /s/ *Nicole M. O'Connor*
                                         Nicole M. O'Connor
                                         Assistant United States Attorney