UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-12006-RGS

STATE OF WASHINGTON, *et al.*

v.

FEDERAL EMERGENCY MANAGEMENT AGENCY, *et al.*

ORDER TO ENFORCE THE COURT'S
SUMMARY JUDGMENT ORDER

March 6, 2026

STEARNS, D.J.

The court appreciates the tangible steps taken by the Federal Emergency Management Agency to comply with the court's December 11, 2025 Summary Judgment Order (the December 11 Order) [Dkt # 130]. It has communicated the December 11 Order to the relevant stakeholders, and it has ensured that funding set aside for the BRIC program remains in the disaster mitigation account. Plaintiffs are correct, however, that several aspects of the December 11 Order remain unimplemented. The Fiscal Year 2024 Notice of Funding Opportunity (NOFO), for example, which was cancelled during the errant effort to terminate the BRIC program, has not yet been reinstated. There is no indication, moreover, that the agency intends to issue a Fiscal Year 2025 NOFO in the near future, even though the court

found the states entitled to a certain minimal threshold of funding each fiscal year.

In allowing plaintiffs' motion to enforce, the court acknowledges that at least some of the agency's delay in implementing the remaining measures can be attributed to staffing shortages resulting from layoffs and the current budgetary freeze. The court also understands that a new Secretary will soon be appointed and that the transition process will necessarily require some time and adjustment. Nonetheless, the court finds the following measures reasonable steps that can be taken while the transition is completed:

1. Within fourteen (14) days of this Order, Defendants shall communicate to each Plaintiff State's emergency management agency the status of all BRIC projects within that state.

2. Within fourteen (14) days of this Order, Defendants shall identify for the court:

> a. all Building Resilient Infrastructure and Communities (BRIC) projects that have been awarded by Defendants since the date of the December 11 Order;
>
> b. all BRIC projects that Defendants have moved from Phase 1 to Phase 2 since the date of the December 11 Order;
>
> c. all period of performance extensions for BRIC projects that

    have been granted by Defendants since the date of the December 11 Order; and

  d. all selected, phased, or otherwise pending BRIC projects for which Defendants have sent requests for information since the date of the December 11 Order.

3. Within fourteen (14) days of this Order, Defendants shall file a status report which sets forth:

  a. steps remaining to reverse the termination of the BRIC program and Defendants' expected timeline, including identifying when Defendants expect to:

    i. issue a Fiscal Year 2025 BRIC Notice of Funding Opportunity (NOFO) in compliance with Pub. L. No. 117-58, 135 Stat. 429, 1387 (2021) and 42 U.S.C. § 5133(f); and

    ii. issue a Fiscal Year 2026 BRIC NOFO in compliance with Pub. L. No. 117-58, 135 Stat. 429, 1387 (2021) and 42 U.S.C. § 5133(f);

  b. when Defendants anticipate:

    i. resolving pending requests for period of performance extensions for BRIC projects;

      ii. finalizing pending requests to move Phase 1 BRIC projects to Phase 2; and

      iii. finalizing pending state management cost grant agreements.

4. Within twenty-one days (21) of this Order, Defendants shall issue a BRIC program NOFO for Fiscal Year 2024 in compliance with the Infrastructure Investment and Jobs Act, Pub. L. No. 117-58, 135 Stat. 429, 1387 (2021) and 42 U.S.C. § 5133(f).

5. Take any other such measures consistent with the court's Order that can be undertaken or completed within the specified reporting periods.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE