**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STATE OF WASHINGTON et al., | Civil Action No. 1:25-cv-12006-RGS |
| Plaintiffs, | |
| v. | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY; KAREN EVANS, in her official capacity as the Senior Official Performing the Duties of the Administrator of the Federal Emergency Management Agency; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as the Secretary of the Department of Homeland Security; and the UNITED STATES OF AMERICA, | |
| Defendants. | |

**SECOND DECLARATION OF KAREN EVANS**

I, Karen S. Evans, declare as follows:

1.      I am the Senior Official Performing the Duties of the Administrator at the Federal Emergency Management Agency ("FEMA" or "agency"). FEMA is a component within the U.S. Department of Homeland Security ("DHS"). As the Senior Official Performing the Duties of the FEMA Administrator ("SOPDOA"), I am the official responsible for being the principal advisor to the President and Secretary of Homeland Security ("Secretary") for all matters related to emergency management in the United States. I am also vested with the authority to manage and administer the various grant programs assigned to FEMA directly by statute or by designation from the Secretary. In these capacities, I am familiar with the grant programs administered by FEMA, including the Building Resilient Infrastructure and Communities ("BRIC"), and the policies and procedures governing these programs.

2.      The statements in this Declaration are based on my personal knowledge; information provided to me in my official capacity; my reasonable inquiry; the information

1

obtained from various records, systems, databases, or DHS or FEMA employees; information portals maintained and relied upon by the DHS in the regular course of business; and on my evaluation of that information.

3.      FEMA received this Court's Order to Enforce on March 6, 2026 (the "Enforcement Order"). Since that time through the date of this Declaration, FEMA has taken actions described below to comply with the Enforcement Order and to continue to move forward with its operation of the BRIC program.

4.      It is my understanding that the Enforcement Order requires FEMA to communicate to each Plaintiff State's emergency management agency the status of BRIC projects in that state. In compliance with the Enforcement Order, on March 18, 2026, FEMA regional staff sent letters to each Plaintiff State's emergency management agency providing each such agency with the status of BRIC projects in its respective state. Additionally, FEMA has gone beyond the requirements of the Enforcement Order and communicated to all other BRIC recipients (consisting of 144 states, Tribal Nations, and territories) the status of their BRIC projects. Copies of the status letters that FEMA sent to Plaintiff states and samples of letters sent to non-Plaintiff states are attached as Composite Exhibit A.

5.      It is also my understanding that the Enforcement Order requires FEMA to identify BRIC projects that have been awarded since December 11, 2025. Since December 11, 2025, FEMA has not awarded any BRIC projects as many of these projects have been under the review described in my Declaration dated March 3, 2026. FEMA completed this review on March 16, 2026. Now that the review is complete, FEMA will return to conducting standard pre-award review activities of BRIC subapplications from prior fiscal years that have not yet been approved and awarded. In addition, the Enforcement Order requires FEMA to identify BRIC projects that FEMA has moved from Phase I to Phase II since December 11, 2025. Since December 11, 2025, FEMA has not moved any phased BRIC projects from Phase I to Phase II because many of these projects have been under the review described in my March 3, 2026 Declaration. FEMA completed the review on March 16, 2026, and several of

2

phased subawards are ready for review of Phase I deliverables. FEMA must review all Phase I deliverables and complete all required programmatic reviews before approving funding to award Phase II. However, the award of one phase of a project does not guarantee the award of subsequent phases.

6.      Phase I deliverables are approved once the applicant completes and submits compliant documentation demonstrating project eligibility, technical feasibility, cost-effectiveness at the current discount rate, and compliance with Environmental and Historic Preservation ("EHP") requirements. FEMA staff reviews each deliverable and then moves the subaward forward into the Financial Obligation Review process for approval for obligation by FEMA and DHS. It will take approximately 6 to 12 months to complete the review of Phase I deliverables, the Financial Obligation Review process, and award Phase II, assuming Phase I of the subaward has demonstrated eligibility, technical feasibility, cost-effectiveness, and compliance with EHP requirements, and assuming that DHS and FEMA are provided with appropriations within the next few weeks and are not subjected to additional lapses in appropriation funding. It also assumes that FEMA has sufficient staffing levels and FEMA resources and personnel are not required to address emergency needs from a major catastrophic event.

7.      It is also my understanding that the Enforcement Order requires FEMA to identify all period of performance extensions that FEMA has granted since December 11, 2025. Since December 11, 2025, FEMA has adjudicated 12 period of performance extension requests, resulting in approvals for Hawaii, Tennessee, Minnesota, Illinois, Michigan, Northern Mariana Islands, Maryland, Washington, Louisiana, New Mexico, and two denials, one each for Connecticut and Indiana. FEMA notified Hawaii of its approval on or about March 3, 2026, and will notify the remaining states in writing on March 20, 2026. Additionally, in reviewing the information to comply with the Enforcement Order, FEMA discovered that it had approved a period of performance extension in 2024 for an award to the State of Oklahoma that was not reflectedin FEMA's online grants management system

3

until the Fall of 2025 and this information had not previously been reported to the Court. A redacted copy of the approval letter to the State of Oklahoma is attached as Exhibit B.

8. FEMA has an additional 22 requests for extensions of periods of performance pending. It continues to process these requests and anticipates adjudicating 17 of the pending requests by approximately March 27, 2026. Moreover, the Enforcement Order requires FEMA to identify all selected, phased, or otherwise pending BRIC projects for which FEMA has issued requests for information ("RFI") since December 11, 2025. Since December 11, 2025, FEMA has not sent requests for information to applicants for any selected, phased, or otherwise pending BRIC projects for the same reasons stated in Paragraphs 5 and 6 above. FEMA has sent three requests for information to the recipients since December 11, 2025, related to subawards that are ready to proceed to closeout. FEMA plans to reinitiate the issuance of RFIs as necessary to review and award projects, including subapplications for management costs and for subawards moving from Phase I to Phase II.

9. Finally, the Enforcement Order requires FEMA to identify when it expects to finalize pending state management cost grant agreements. FEMA has 6 requests for management costs subapplications/subawards routing through the financial obligation process for approximately $1.5 million in funding. FEMA estimates this process to take an average of six months, based on the same assumptions referenced in Paragraph 6 above.

10. FEMA is undertaking the following steps to reverse all actions taken in compliance with the April 2, 2025, memorandum from SOPDOA Cameron Hamilton and the associated April 4, 2025, Press Release and to operate the BRIC program in compliance with the Enforcement Order. FEMA is engaging with existing applicants and recipients during the lapse as required by the Enforcement Order. It has provided written guidance about external engagement, and it has directed its Regional Offices to begin communicating with existing applicants and recipients. FEMA has also issued advisories to Congressional Offices, states, Tribal Nations, and territories, and private sector stakeholders, about

programmatic support for BRIC awards and subapplications. These FEMA Advisories are attached as Composite Exhibit C.

11.    FEMA will publish a combined FY 2024 and FY 2025 NOFO on or before March 27, 2026. The combined FY 2024 and FY 2025 NOFO will make available up to $1 billion dollars in funding. Because the BRIC program's funding does not expire, FEMA plans to use this funding opportunity to make available the entire remaining appropriation for BRIC under the Infrastructure Investment and Jobs Act ("IIJA"). This includes funds appropriated for FY 2025 and FY 2026. In addition to IIJA funding, the $1 billion funding opportunity includes funds from the BRIC set-aside within the Disaster Relief Fund ("DRF").

12.    FEMA is on track to issue the combined FY 2024 and FY 2025 NOFO by the Court's deadline of March 27, 2026. FEMA plans to publish the FY 26 NOFO in early FY 2027. FEMA cannot yet estimate the amount of funding that will be offered under the FY 2026 NOFO because of the current lapse in appropriations. Once Congress replenishes the DRF, FEMA will estimate the funding to be set aside for the BRIC program and subsequently estimate the funding amounts to be made available under the FY 2026 NOFO.

5

I, Karen S. Evans, declare under penalty of perjury that the foregoing is true and correct.

Executed on March 20, 2026

Karen S. Evans
Senior Official Performing the Duties of the Administrator
Federal Emergency Management Agency

6